RAY McNEELY v. THE STATE.

No. 13733.   Delivered December 17, 1930.
Rehearing Denied February 4, 1931.

The opinion states the case.

*D. T. Moore,* of Aquilla, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft of an automobile is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

George Richardson, while riding towards his home from the town of Clifton in Bosque County, overtook the appellant who was walking along the highway.   C. C. Rowe was with Richardson.   The appellant requested the privilege of riding in Richardson's car to a certain farm in Bosque County, claiming that he was looking for a horse.   Appellant had a saddle with him.   He introduced himself as Shorty Hendricks. When the parties reached the home of Richardson, his car was driven by Rowe to his home.   Appellant accompanied Rowe for a short distance and then got out of the car.   That evening when Rowe returned to Richardson's house with the car, he saw the appellant there.   According to Richardson, the appellant spent the night with him and they slept together. The keys to Richardson's car were in the pocket of his trousers and his car was in the yard.   When Richardson awoke on the following morning his car was gone, also the appellant and the keys to the car.   This occurred in May, 1929.   Richardson recovered his car in February, 1930, at the house of Purl Benson, who lived in Kopperl in Bosque County. Benson had not previously been an acquaintance of Richardson.

Benson did not testify, and there is no explanation of how and when he came into possession of the car.   There was testimony that the appellant was seen in possession of a Ford car in May, 1929.   There was no description of the car other than it was a Ford roadster.

The witness John Robins testified for the appellant.   He said that

sometime in May, 1929, the appellant hired a Ford roadster from him. The witness was not positive as to the dates. The appellant had possession of the car more than once. He had used it for two or three days at a time.

The appellant's brother testified that the appellant had possession of a car in the spring of 1929; that the car belonged to Robins. The car of Robins was registered and the record showed that there was a Ford roadster registered in the name of John Robins in April, 1929.

The appellant did not testify.

The sufficiency of the evidence is the only legal question before the court. We do not feel authorized to declare that it is not sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant seems of the impression that a conviction for theft can not be sustained unless the accused be seen or found in manual possession of the stolen property. The proposition is not sound. Richardson was a bachelor and lived alone. Appellant came to his house, having with him a saddle. He said he was looking for a lost horse. He looked around in the vicinity during the afternoon and came back to Richardson's house to spend the night. The saddle was there. Friends came over to the house and did not leave until about midnight. Richardson and appellant slept together in one bed in the house. Richardson's car was in the yard. The car keys were in Richardson's pants lying beside the bed. When Richardson awoke the next morning his visitor was gone, also the visitor's saddle, and also Richardson's car and car keys. These facts alone point irresistibly,—at least satisfactorily, to the accused as the thief. No sort of explanation was offered. We think the testimony sufficient.

The motion for rehearing will be overruled.

*Overruled.*