Alfred Louis CHANEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 44475.

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

David F. Farris, Fort Worth, Court Appointed on Appeal Only, for appellant.

Frank Coffey, Dist. Atty., and Charles E. Webb, Asst. Dist. Atty., Forth Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of felony theft; the punishment, enhanced under Article 63 Vernon's Ann.P.C., was assessed at life.

The sufficiency of the evidence is challenged.

Jeanie Chambers testified that she was shopping at Spartan's Department Store in Forth Worth on June 30, 1969, when she saw the appellant reach over a counter in the jewelry department, open a cash register and grab a handful of bills; the top bill being a "twenty"; that he then "walked around the counter and then he started toward the front door and he was putting the money in his pocket." Lucille Barnett testified that she was employed at the Spartan's Department Store on the date in question and was working in the jewelry department. She stated that Mrs. Chambers informed her that the appellant had taken the money and at that time she was waiting on a male customer who was dressed in blue. She saw the appellant walking out the door. She stated that $99 and "a few cents" were taken from the cash register without her permission. She informed the manager what had happened.

Ralph Ude testified that he was the manager of Spartan's on the date in question and his attention was directed to the front of the store where he saw the appellant and another person in the vestibule of the store; he described the other man as wearing a blue hat, blue shirt, and blue pants; that the other man and the appellant were "facing angular", about 18 inches apart; and that they were exchanging something. He testified that the money in the store was under his custody and control and that he did not give the appellant or anyone else permission to take or remove any money from the store.

Officer Ratliff, of the Fort Worth Police Department, testified that he arrested the appellant at Spartan's Department Store

and at the time of the arrest appellant had approximately $11.00 on his person.

 We conclude that the evidence was sufficient to support the jury's verdict.

Appellant contends that the evidence was insufficient in that there was no showing that he was found in possession of the property alleged to have been stolen. Such is not required. See McNeely v. State, 117 Tex.Cr.R. 587, 34 S.W.2d 873.

By pro se brief appellant contends that he was denied and deprived of the assistance of effective counsel; a fair and impartial jury trial; and that there was no probable cause for his arrest. The record has been carefully reviewed and we conclude these contentions are without merit.

Finding no reversible error, the judgment is affirmed.