Alberdeen **AMMONS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–89–079–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 14, 1989.

Bob Tarrant, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

A jury convicted appellant of delivering a controlled substance, cocaine, weighing less than 28 grams. The court assessed punishment at confinement in the Texas Department of Corrections for thirty-five years. Appellant brings three points alleging reversible error by the trial court in: (1) overruling appellant's motion for instructed verdict; (2) applying the law of parties to the offense of delivery of a controlled substance; and (3) overruling appellant's motion to quash the indictment for lack of adequate notice of charges. We affirm.

Appellant was arrested by Houston Police in a drug bust. The raid was part of an investigation in which one undercover officer on the narcotics team went to the door of a suspected apartment and knocked. A voice from inside asked for identification. The officer responded with a fictitious street name. The voice inside yelled out, "Does anyone know Dee?" The officer was admitted to the living room by a person later known as Phillip McGilbra. Appellant and one female were in the dining room area of the apartment approximately 10 to 15 feet away from the officer. A second female was observed to be in a bedroom. The officer told McGilbra he wanted to buy some crack. McGilbra turned and asked if any of the others in the apartment knew the officer. The female in

the bedroom said she knew he had been there earlier. The undercover officer gave McGilbra a $20 bill to pay for $10 worth of crack. McGilbra went to appellant and whispered something as he gave appellant the $20 bill. Appellant put the bill on the table and gave McGilbra a $10 bill and a Ziplock package. In plain view of the officer, McGilbra took both the bill and the package from appellant and handed them to the officer. The officer returned to his vehicle and radioed an announcement that a "buy" had been made from persons he described. Other officers then closed in on the apartment and arrested McGilbra and appellant. Police laboratory tests proved that crack cocaine had been delivered to the undercover officer.

Appellant was indicted on three counts of delivery of a controlled substance by actual transfer, constructive transfer, and offering to sell. The court granted a motion to quash the second count on constructive delivery and the State abandoned the third count on offering to sell. The only count going to the jury was delivery by actual transfer. The charge included instructions on the law of parties.

■ We overrule appellant's first and second points of error, which are argued together. Appellant asserts that by using the law of parties in the jury charge but not in the indictment, the court has allowed an improper conviction on charges for which appellant had inadequate notice to prepare his defense. He also asserts that the law of parties should not be applied to the offense of delivery of a controlled substance, but he offers no case law to support that proposition. On this second issue, we note that the law of parties is codified in TEX.PENAL CODE ANN., Title 2, "General Principles of Criminal Responsibility," Chapter 7, "Criminal Responsibility For Conduct of Another." Further, Title 2 of the Penal Code clearly extends to offenses defined by other laws unless those laws provide to the contrary. TEX.PENAL CODE ANN. § 1.03. *McElroy v. State*, 667 S.W.2d 856, 864 (Tex.App.—Dallas 1984), aff'd 720 S.W.2d 490 (Tex.Crim.App.1986). The Texas Controlled Substances Act, TEX.

REV.CIV.STAT.ANN. art. 4476–15, does not preclude the use of Title 2 of the Texas Penal Code, although the Act does prescribe its own punishment, which is completely consistent with the language of TEX. PENAL CODE ANN. § 1.03(b).

■ Contrary to appellant's claims, the application of the law of parties does not create an offense separate from the one in the indictment, nor does it serve to redefine the Legislative definition of "delivery," as found in TEX.REV.CIV.STAT.ANN. art. 4476–15 sec. 1.02(7), by providing a new definition of "actual transfer."

This court has previously dealt with questions presented under TEX.PENAL CODE ANN. §§ 7.01–7.02 and has concluded that an indictment which does not give reference the law of parties does not present a constitutional infirmity. *Martin v. State,* 704 S.W.2d 892, 894 (Tex.App.—Houston [14th Dist.] 1986, no pet.). The court of criminal appeals has rejected claims that a charge on the law of parties is an impermissible amendment to an indictment in violation of due process, holding also that a party to an offense may be charged without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. *Crank v. State,* 761 S.W.2d 328, 351 (Tex.Crim.App.1988), *cert. denied* — U.S. ——, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989).

Appellant argues that there were two actual deliveries of the cocaine, one from appellant to McGilbra, and a second actual delivery from McGilbra to the undercover police officer. Because there were two deliveries, appellant concludes the delivery by appellant to the officer must have been "constructive" rather than "actual". That conclusion is based on the definition of delivery which says it must be one or the other of the two, and he reasons that if the delivery is not solely a single actual transfer it then must be a constructive delivery. We find no support for appellant's logic. "[A]ctual transfer" consists in "transferring the real possession and control of a controlled substance from one person to another person." *Nevarez v. State,* 767 S.W.2d 766, 768 (Tex.Crim.App.1989), quoting *Conaway v. State,* 738 S.W.2d 692, 695 (Tex.Crim.App.1987). A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he aids the other person to commit the offense. TEX.PENAL CODE ANN. § 7.02(a)(2). In the case before us, appellant aided McGilbra in the delivery of cocaine to the undercover police officer by handing the substance to McGilbra with the obvious intent to have McGilbra in turn transfer possession of the substance to the officer.

■ Appellant's third point of error again speaks to the matter of the indictment and its lack of reference to the fact that appellant was acting with another in the commission of the offense, this time in connection with his overruled motion to quash the first count charging actual delivery. We overrule appellant's third point of error by reiterating the holding of *Crank v. State,* 761 S.W.2d 328, 351 (Tex.Crim.App.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989). A party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. The trial court correctly overruled appellant's motion to quash count one of the indictment.

The judgment of conviction is affirmed.