**Patrick Clarence DADE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–91–01347–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 18, 1993.

---

Ronald G. Mock, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Patrick Clarence Dade, appeals his judgment of conviction for the offense of delivery of a controlled substance, namely, cocaine, weighing by aggregate weight, including any adulterants and dilutants, less than twenty-eight (28) grams. TEX.HEALTH & SAFETY CODE ANN. § 481.102(3)(D) and § 481.112(a)(b) (Vernon 1992). A jury rejected appellant's not guilty plea and the Court, after finding the two enhancement paragraphs of the indictment to the true, assessed punishment at fifteen (15) years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

The relevant facts are as follows: Officer A.C. Francois of the Houston Police Department is assigned to the Northwest Tactical Response Team. On August 26, 1991, Francois was part of a team sent to investigate reports of narcotics sales in the area of 12200 Fleming, in Houston, Texas. Francois drove a beat-up Cadillac and posed as someone who was trying to purchase cocaine. When he arrived at 12200 Fleming, Francois was flagged down by a black male who he later came to know as Mr. LeDee. In response to LeDee's question, Francois told him he would like to get "a 20". LeDee got into Francois' car and the two drove to another location. Francois gave LeDee two marked 10 dollar bills so that LeDee could purchase some crack cocaine for him. LeDee exited the car and walked over to appellant who was standing twelve feet away in the parking lot. Francois overheard appellant tell LeDee that Francois should not have driven up to where appellant was. LeDee made a statement to appellant and handed him the two 10 dollar bills. Appellant then walked over to a vehicle and bent over. Appellant returned and handed something to LeDee,

who returned to the car and handed a rock of crack cocaine to Francois.

■ Francois dropped LeDee back off on Fleming, then radioed the arrest team with a description of LeDee and appellant. When appellant was arrested, the two marked 10 dollar bills were found in his possession. A chemist later tested the substance purchased by Officer Francois and determined that it was 165.4 milligrams of 99.3 percent pure cocaine. Appellant presented testimony from a friend, Cassandra Johnson, that LeDee merely walked up to appellant and gave him $20. She testified that she never saw appellant walk over to a vehicle or give anything to LeDee. Appellant asserts in his sole point of error that the evidence was insufficient to find him guilty as a party to actual delivery of cocaine. In reviewing the sufficiency of the evidence to support a conviction, the evidence must be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App. 1989); *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

■ The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their testimony. As factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459 (Tex. Crim.App.1991). *See also, Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App. 1981). Once the trier of fact has made its decision assessing and weighing the probative value of the evidence in its determination of guilt or innocence, an appellate court does not have the power to step in and reevaluate the truthfulness of an individual item of evidence in its review of the sufficiency of the evidence to support the verdict. *Fernandez v. State*, 805 S.W.2d 451, 456 (Tex.Crim.App.1991).

■ The facts in the instant case show that appellant was guilty as a party to the actual delivery of cocaine. In assessing the sufficiency of evidence to convict a party of an offense, the evidence must directly or circumstantially show that the appellant acted with intent to promote or assist in the commission of the offense by soliciting, encouraging, directing, aiding or attempting to aid another person in the commission of the delivery. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App. 1988); Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974). In determining whether one has acted as a party in the commission of a criminal offense, the jury may look to events occurring before, during, and after the offense, and reliance may be placed on actions which show an understanding and common design to engage in an act. *Moore v. State*, 804 S.W.2d 165, 166 (Tex. App.—Houston [14th Dist.] 1991, no pet.). Participation in an enterprise may be inferred from the circumstances and need not be shown by direct evidence. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex.Crim. App.1987).

Appellant argues that the "exclusion of reasonable hypothesis" test applies to the instant case. Appellant ignores the fact that the instant case was tried after *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991), which invalidated the "reasonable hypothesis analytical construct" for measuring the sufficiency of evidence in circumstantial evidence cases in light of the abandonment of a circumstantial evidence charge in *Hankins v. State*, 646 S.W.2d 191 (Tex.Crim.App.1983) (opin. on reh'g). *See also Goss v. State*, 826 S.W.2d 162, 169 (Tex.Crim.App.1992). The jury charge reflects that the jury was given a post-*Geesa* definition of reasonable doubt. Therefore, post-*Geesa*, the State is not required to disprove a reasonable alternative hypothesis.

Appellant's "alternative reasonable hypothesis" that LeDee would have made the sale to Francois "whether or not he had a conversation with [appellant]" is inconsistent with the evidence. Appellant points out that Cassandra Johnson testified that LeDee merely walked up to appellant and gave him $20, and that she never saw appellant walk over to a vehicle or give any-

thing to LeDee. However, the jury could reject this testimony in favor of Officer Francois' memory of the events. By Francois' testimony, the evidence in this case showed far more than a mere conversation. Francois testified that LeDee directed him to this location with the intent to purchase cocaine. Appellant was upset with LeDee for having Francois drive up to the location, indicating both that he was aware of Francois' presence, and that he was attempting to maintain a low profile. LeDee said something to appellant and handed him the two 10 dollar bills, to which appellant responded by walking over to a vehicle, bending over, and handing something to LeDee. LeDee returned directly to the car and handed Francois the rock of crack cocaine. This is a classic case of delivery of cocaine by actual transfer, to which appellant was guilty as a party. *Miller v. State,* 537 S.W.2d 725, 726 (Tex.Crim.App.1976); *Rogers v. State,* 815 S.W.2d 789, 791 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd); *Lacy v. State,* 782 S.W.2d 556, 558 (Tex.App.—Houston [14th Dist.] 1991, no pet.). Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.