In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-070 CR


____________________



FRED MARSHALL DAVIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Court No. 15,744






O P I N I O N


 A jury found Fred Marshall Davis guilty of the felony offense of delivery of a
controlled substance (1) and assessed his punishment at sixty (60) years in the Texas
Department of Criminal Justice, Institutional Division. See Tex. Health & Safety Code 
Ann. § 481.112(c) (Vernon Supp. 2001). Appellate counsel filed a brief in which he
concluded the appeal is wholly frivolous. His brief presents a professional evaluation of
the record that demonstrates, in his opinion, why there are no arguable grounds to be
advanced; the brief meets the requirements of Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On May 3, 2001, Davis was given an extension of time in which to file a pro se
brief if he so desired. In his pro se brief and supplemental brief, he raises six points of
error. 

 Davis first contends the trial judge committed reversible error when he failed to
include a definition of the "beyond a reasonable doubt" standard in the jury charge; under
the 1991 Geesa decision, the inclusion of the definition was made mandatory. See Geesa
v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991). However, in the recent case of
Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000), the Court of Criminal
Appeals overruled Geesa, at least in part, by holding that a definition of "reasonable
doubt" is not required in the jury charge. In that same opinion, the Court also overruled
its 1996 Reyes decision, because Reyes required automatic reversal on appeal even when
no request for the "reasonable doubt" definition was made at trial. Paulson, 28 S.W.3d
at 573; Reyes v. State, 938 S.W.2d 718, 720-721 (Tex. Crim. App. 1996). Expressly
rejecting the Geesa requirement that the jury be instructed on the definition of "beyond
reasonable doubt" in the jury charge, Paulson also noted "the better practice is to give no
definition of reasonable doubt at all to the jury." Paulson, 28 S.W.3d at 573 (footnote
omitted).

 The decision in Paulson was handed down after Davis's indictment, but prior to his
trial. The trial court followed the holding in Paulson and gave no instruction. Although
Davis neither requested the "beyond reasonable doubt" definition nor objected to its
omission in the jury charge at trial, he argues on appeal that the trial court committed
reversible error in failing to give it. In effect, he maintains his case is controlled by the
holding in Geesa rather than that of Paulson. Because his case was already pending (by
virtue of the fact that he had been indicted) when Paulson was decided, Davis maintains
the application of Paulson to his case would be retroactive and improper. We disagree. 
Paulson was decided before Davis's case went to trial, and, under the procedural facts of
this case, the holding in Paulson applies. Furthermore, the Court of Criminal Appeals in
Arroyo v. State, 32 S.W.3d 868 (Tex. Crim. App. 2000) remanded a case for retroactive
application of its decision in Paulson; unlike the case here, the Arroyo defendant's trial
occurred before Paulson was decided. See also Bordman v. State, 56 S.W.3d 63, 73 (Tex.
App.--Houston 2001, pet. filed) (applying Paulson to a case that was "tried" and was
pending on appeal before Paulson was decided). In view of Paulson, we hold the trial
court did not err in giving a jury charge that did not contain a definition of reasonable
doubt. Davis's initial point of error is overruled. 

 In the first two points of error in his supplemental brief, Davis contends the police
informant entrapped him into a drug transaction involving a third person. Under Texas
law, entrapment is a defense to the State's prosecution. See Tex. Pen. Code Ann. §
8.06(a) (Vernon 1994). As we appreciate Davis's brief, he maintains the jury should have
found him not guilty because the evidence is sufficient to show government agents
entrapped him; he further claims the trial judge should have included an entrapment
instruction in the jury charge. When a defensive theory is raised by the evidence, the
accused is entitled to a jury instruction on that theory. Reese v. State, 877 S.W.2d 328,
333 (Tex. Crim. App. 1994). Here no jury charge instruction was requested on
entrapment, the jury was not instructed on such defense, and the jury was not asked to pass
on the issue; therefore, we have nothing to review. See Posey v. State, 966 S.W.2d 57,
62 (Tex. Crim. App. 1998) (holding that a trial court does not commmit error by failing
to sua sponte instruct the jury on a defensive issue). The entrapment points of error are
overruled. 

 In the third point of error in his supplemental brief, Davis contends the evidence is
insufficient to prove he intentionally or knowingly delivered cocaine by transferring it to
another person. In reviewing a legal sufficiency point, we view the evidence in the light
most favorable to the jury's finding and ask whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). 

 The record reflects that Officer Cash, accompanied by the confidential informant
("CI"), drove his vehicle to a pre-arranged location to await Davis's arrival. When Davis
drove into the parking lot at the pre-designated site, he had a passenger, Georgia Lester,
in the car with him. As the CI approached Davis's car, Davis exited the vehicle and met
the informant at the rear of the car. After a brief exchange with Davis, the CI got into the
car with Lester and gave her $200 in exchange for the rock cocaine. During the
transaction, Davis remained outside the car and functioned as a look-out. Upon leaving
the vehicle, the informant spoke briefly to Davis about getting some powder cocaine, and
Davis indicated he thought he could obtain some in Cleveland, Texas. The confidential
informant then returned to Officer Cash's vehicle with a cigarette cellophane wrapper that
contained the cocaine. 

 Davis maintains the person who actually transferred the cocaine to the confidential
informant was the female passenger, Georgia Lester; the record clearly bears that out. 
Because she was the one who actually made the transfer, Davis, in effect, argues he cannot
be guilty of delivery of the controlled substance. He is incorrect. The trial court charged
the jury on the law of parties, which allows the State to enlarge a defendant's criminal
responsibility to acts in which he may not be the principal actor. Goff v. State, 931
S.W.2d 537, 544 (Tex. Crim. App. 1996). The Texas Penal Code states that a "person
is criminally responsible as a party to an offense if the offense is committed by his own
conduct, by the conduct of another for which he is criminally responsible, or by both." 
Tex. Pen. Code Ann. § 7.01(a) (Vernon 1994). A defendant is criminally responsible for
an offense committed by another person if, with the intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense. Tex. Pen. Code. Ann. § 7.02(a)(2) (Vernon 1994). 
Where there is no charge on the law of parties, a defendant may only be convicted on the
basis of his own conduct. Goff, 931 S.W.2d at 544.

 In the context of this offense, the State must show the actual transferor committed
the offense and that the party (Davis) solicited, encouraged, directed, or aided in the
commission of the offense. Cano v. State, 3 S.W.3d 99, 106 (Tex. App.--Corpus Christi
1999, pet. ref'd). The evidence must reflect that at the time of the offense the parties acted
together, each doing some part to execute the common design. See Rivera v. State, 990
S.W.2d 882, 887 (Tex. App.--Austin 1999, pet. ref'd). In determining whether a
defendant was a party to the actions, the trier of fact may look to events before, during,
and after the commission of the crime. Cano, 3 S.W.3d at 106. Although mere presence
at the offense is insufficient to convict a defendant as a party, evidence that he was present
and encouraged the commission of the offense by words or deed is sufficient. Rivera, 990
S.W.2d at 888. Here the evidence supports the jury's verdict. The confidential informant
testified he talked with Davis and arranged the deal with him; Davis was the driver of the
car as it arrived at the pre-determined location; Lester handed the cocaine to the CI in
exchange for $200; during the transaction, Davis functioned as a look-out as he surveyed
the parking lot while he was standing at the back of the car. Once the transaction was
completed, the CI asked Davis about getting him more cocaine, and Davis indicated to the
CI he could obtain more for him; Davis then drove his vehicle away. As the record
reveals, there was evidence from which the jury could infer that Davis solicited,
encouraged, directed, or aided Lester; indeed, there was evidence that Davis aided in both
the planning and commission of the offense. We hold that the evidence is legally sufficient
to support the conviction. 

 Davis further maintains there is a fatal variance between the indictment and the jury
charge. He points out that even though the indictment does not allege facts making him
a party to the offense, the jury charge includes a parties charge. As a result of the alleged
variance, he claims the jury convicted him of an offense for which he was not indicted. 
The Court of Criminal Appeals has held that a party to an offense may be charged (in the
jury charge) under the law of parties with no requirement that the indictment state the facts
that make him a party to the offense and criminally responsible for the conduct of another. 
 See Goff, 931 S.W.2d at 544 n.5; Crank v. State, 761 S.W.2d 328, 351-52 (Tex. Crim.
App. 1988), overruled on other grounds, Alford v. State, 866 S.W.2d 619, 624 n.8 (Tex.
Crim. App. 1993). Thus, if the evidence supports it, the court may charge on the law of
parties even though there is no allegation to that effect in the indictment. Crank, 761
S.W.2d at 352. The application of the law of parties in the jury charge does not serve to
create an offense separate from the one in the indictment. Ammons v. State, 782 S.W.2d
539, 541 (Tex. App.--Houston [14th Dist.] 1989, no pet.).

 Here the abstract portion of the jury charge includes an instruction on the law of
parties that allows the State to enlarge a defendant's criminal responsibility to acts in which
he may not be the principal actor. Goff, 931 S.W.2d at 544. In addition, the application
paragraph in the jury charge applies the law of parties to the offense of delivery of a
controlled substance. See Cano, 3 S.W.3d at 106. In light of the foregoing case law, we
hold there is no fatal variance between the indictment and the court's charge. Davis's third
point of error in his supplemental brief is overruled. 

 In the fourth point of error in his supplemental brief, Davis argues the trial judge
abused his discretion by admitting into evidence State's Exhibit 4, the audiotape of the
drug transaction. (2) We review a trial court's ruling concerning the admission or exclusion
of evidence under an abuse of discretion standard. Erdman v. State, 861 S.W.2d 890, 893
(Tex. Crim. App. 1993). Questions concerning the admission of evidence are rendered
moot, however, if the same evidence is introduced elsewhere without objection; thus, any
error in admitting evidence over a proper objection is harmless if the same evidence is
subsequently admitted without objection. Chamberlain v. State, 998 S.W.2d 230
(Tex.Crim. App. 1999). Here, the audiotape of the drug transaction was admitted over
defense counsel's objection that the proper chain of custody on the tape had not been
proven and the exhibit was not the "best evidence." We need not address whether the trial
court erred in admitting the audiotape, since other evidence concerning the same subject
matter was admitted without objection. See Moore v. State, 999 S.W.2d 385, 402 (Tex.
Crim. App. 1999). The confidential informant testified in similar fashion to his
conversation with Davis in setting up the deal, his conversation and interaction with Lester
during the transaction, and his conversation with Davis after the deal was completed. The
informant's testimony mirrored the contents of the audiotape. Point of error four in the
supplemental brief is overruled.

 In his fifth point of error in his supplemental brief, Davis argues there was
prosecutorial misconduct at closing argument. Specifically, he claims the State injected
new and harmful facts that were not in the record. During closing argument, the
prosecutor explained that he did not call Georgia Lester to testify because he believed she
would simply take the Fifth Amendment and remain silent.

 Why did the State not compel Ms. Lester to come in and testify, ladies and
gentlemen? Because Ms. Lester also has a Fifth Amendment right to remain
silent and not get on this witness stand and say anything that might
incriminate herself or subject herself to criminal responsibility. And you can
very well expect that if she had been called to testify she would have got up
there and taken the Fifth Amendment, and you wouldn't have heard a thing
from her about whether she did it or whether the defendant did it or whether
the two of them had any involvement in the commission of the offense. 
That's why she was not here. That's why you are left with the testimony of
the people that were involved with law enforcement and the confidential
informant in this case that the State relies on to establish beyond a reasonable
doubt that the defendant is guilty as charged. 


Proper jury argument is limited to the following: (1) summation of the evidence, (2)
reasonable deductions from the evidence, (3) an answer to opposing counsel's argument,
and (4) a plea for law enforcement. Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim.
App. 2000). The prosecutor's remarks were in direct response to defense counsel's
comment during her closing argument on the State's failure to call Georgia Lester to
testify. Defense counsel "opened the door" when she told the jury that Lester was the
"missing link," "whom we have not seen or heard from." Within the scope of proper jury
argument, the prosecutor was entitled to explain his reasons for not calling Lester to
testify. Furthermore, defense counsel did not object when the prosecutor made the
comment and thereby waived error. See Tex. App. R. P. 33.1(a)(1) (Prerequisite for
presenting complaint on appeal is to lodge a timely request, objection, or motion before
the trial court.); see Valencia v. State, 946 S.W.2d 81, 82 (Tex. Crim. App. 1997). Point
of error five in the supplemental brief is overruled.

 Having overruled all of appellant's points of error and after reviewing the record
and finding no arguable points of error, we affirm the conviction.

 AFFIRMED.

 PER CURIAM

Submitted on October 22, 2001

Opinion Delivered December 5, 2001

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. As pleaded in the indictment, the elements of the offense of delivery of a controlled
substance are the following: (1) a person (2) knowingly or intentionally (3) delivers (4) a
controlled substance. Tex. Health & Safety Code Ann. § 481.112(a) (Vernon Supp.
2001). Delivery may be accomplished by an actual transfer, a constructive transfer, or an
offer to sell. See Tex. Health & Safety Code Ann. § 481.002(8) (Vernon Supp. 2001). 
Here the State pleaded actual transfer.
2. Although Davis appears to challenge only the admission of the audiotape into
evidence, his brief does at one point mention the "audio/videotape" as if they were one.
Any objection regarding the admission of the videotape however, is waived, since
appellant did not object to its admission at trial. See Aguilar v. State, 26 S.W.3d 901, 905
(Tex. Crim. App. 2000); Tex. R. App. P. 33.1.