Affirmed and Memorandum Opinion filed April 20, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00261-CR

___________________

 

Curtis J. Hart, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 351st Judicial District Court

Harris County,
Texas



Trial Court Cause No. 1142012

 



 

 

MEMORANDUM OPINION

            Curtis J. Hart appeals his conviction for theft of
property with a value of $20,000 or more but less than $100,000.  Tex. Penal
Code Ann. § 31.03(a), (e)(5) (Vernon 2003 & Supp. 2009).  Appellant
contends the evidence is legally and factually insufficient to support his
conviction.  We affirm.

 

 

I.         Background

            Matthew
Dickey, former general sales manager at Allen Samuels Chevrolet in Houston,
Texas, testified that the dealership conducted a physical inventory of all new
and used cars around the first of October 2007.  About ten days later, the
dealership determined that a black 2008 Chevrolet Tahoe was missing.  Dickey
estimated the value of the vehicle at $40,000 to $50,000.  

Dickey contacted Mike
Ingels, a Houston Police Department sergeant and off-duty security person at
the dealership, and Ingels generated a report of a missing vehicle.  Ingels
spoke with an On Star representative, and the On Star service located the
vehicle at a nearby hotel on the Southwest Freeway.  Dickey and Ingels went to
the hotel to retrieve the vehicle from the parking lot.  Dickey drove the vehicle
to the dealership using the spare set of keys, and Ingels went inside the hotel
to inquire about surveillance video on the parking lot.  

On the surveillance
video, Ingels observed a person with a dark complexion dressed in a very bright
blue outfit, shorts, black combat boots, and white socks exiting the Tahoe the
same day Dickey discovered it missing.  Dickey also reviewed the hotel’s
surveillance video and testified that the person was carrying a shoulder bag. 
Ingels testified that when he later tried to get a copy of the surveillance
video, hotel employees advised him that the video had been overwritten and was
unavailable.

            When
Dickey returned to the dealership after watching the video, he saw what
appeared to be the bag from the video on the floor of the make-ready
department.  He also observed appellant wearing an outfit that matched the
outfit the person was wearing in the video.  Appellant was employed by a
company that made after-market additions such as window tinting and pin
striping to vehicles at the dealership.  Dickey testified that, in his work
capacity, appellant would have access to vehicles and keys with permission to
move vehicles around the lot but not to take vehicles off the lot.  

Ingels also saw
appellant in the service area wearing the clothing Ingels saw on the video. 
Ingels asked appellant to come with him to the general manager’s office and
appellant complied.  Once there, Ingels checked appellant for weapons.  When
appellant stood up, Ingels heard a clicking sound.  He frisked appellant and
found a key on a key chain tied to the drawstring of appellant’s shorts.  Ingels
asked appellant what the key was, and appellant said he did not recall.  Ingels
asked appellant to remain in the office while Ingels went outside.  Ingels
pressed the horn button on the key from appellant’s shorts, and the recovered
vehicle responded.  When Ingels returned, appellant was gone from the premises;
he was apprehended at a later date.

            The
State charged appellant with theft of a motor vehicle with a value of over
$20,000 and under $100,000.  See Tex. Penal Code Ann. § 31.03(a),
(e)(5).  A jury found appellant guilty.  After appellant pleaded true to the
enhancement paragraph, the trial court assessed punishment at twelve years’
confinement in the Texas Department of Criminal Justice, Institutional
Division.                

II.        Standard of Review

In a legal-sufficiency
review, we consider all of the evidence in the light most favorable to the
jury’s verdict and decide whether a rational trier of fact, based on the
evidence and reasonable inferences supported by the evidence, could have found
the essential elements of the offense beyond a reasonable doubt.  See Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  Circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor.  Hooper,
214 S.W.3d at 13.  In fact, circumstantial evidence alone can be sufficient to
establish guilt.  Id.  On appeal, the same standard of review is used
for both circumstantial and direct evidence cases.  Id.

The jury, as the trier
of fact, is the sole judge of the credibility of the witnesses and of the
strength of the evidence.  Fuentes v. State, 991 S.W.2d 267, 271 (Tex.
Crim. App. 1999).  We may not substitute our judgment for the jury’s, and we do
not re-weigh the evidence presented at trial.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000).  If any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt, we must
affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  

            When
we review the factual sufficiency of the evidence, by contrast, we consider the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006).  We must set aside the verdict if (1) the proof of guilt is
so obviously weak as to render the verdict clearly wrong and manifestly unjust,
or (2) the proof of guilt, while legally sufficient, is nevertheless outweighed
by the great weight and preponderance of the contrary proof so as to render the
verdict clearly wrong and manifestly unjust.  See Roberts v. State,
220 S.W.3d 521, 524 (Tex. Crim. App. 2007).  However, because the jury is best
able to evaluate the credibility of witnesses, we must afford appropriate
deference to its conclusions.  See Lancon v. State, 253 S.W.3d 699, 704–05
(Tex. Crim. App. 2008).  In conducting a factual-sufficiency review, we discuss
the evidence appellant claims is most important in allegedly undermining the
jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App.
2003).  

III.      Analysis

            In
two issues, appellant contends the evidence is legally and factually
insufficient to sustain his conviction for theft.  Specifically, appellant
challenges the sufficiency of the evidence to prove he unlawfully took the
motor vehicle.         

1.         Legal
Sufficiency

In his first issue,
appellant contends the evidence is legally insufficient to prove he unlawfully
took the motor vehicle because (1) no one could identify appellant as the
person exiting the vehicle in the hotel’s surveillance video; (2) no one could
link the bag in the service area to appellant; and (3) no one saw appellant in,
near, or driving the vehicle.  Appellant argues that, at most, the facts prove
he possessed the keys to the missing vehicle.

A person commits the
offense of theft if he unlawfully appropriates property with intent to deprive
the owner of the property.  Tex. Penal Code Ann. § 31.03(a) (Vernon 2003 &
Supp. 2009).  Appropriation of property, as it applies in this case, is
unlawful if it is without the owner’s effective consent.  Id. §
31.03(b)(1).  An offense is a felony of the third degree if the value of the
property stolen is $20,000 or more but less than $100,000.  Id. §
31.03(e)(5). 

Dickey testified that
appellant worked for a company that made after-market additions such as window
tinting and pin striping to vehicles at the dealership.  He stated that those
company employees had access to vehicles and keys, had permission to move
vehicles around to do their work, but did not have permission to take vehicles
off the lot.  

Both Dickey and Ingels acknowledged
that they could not see the face of the person exiting the stolen vehicle on
the hotel’s surveillance video.  However, Ingels identified the person on the
video by his clothing:  a very bright blue outfit, shorts, black combat boots,
and white socks.  Ingels also testified that he saw a man in the service area
who was dressed in identical clothing, and he identified that person in court
as the appellant.  

While Dickey did not
remember the details of what the person on the video was wearing, he remembered
the outfit “stuck out.”  He also recalled the man in the video carrying a shoulder
bag.  When he returned to the dealership after viewing the video, he saw what
he thought was the bag from the video in the make-ready department, a
department that included a service bay for after-market additions on vehicles. 
Dickey stated he also saw someone at the dealership wearing clothing that
matched the clothing of the person in the video, and he identified appellant in
court as that person.  

Appellant’s arguments
are focused largely on the lack of direct evidence placing him in or in control
of the stolen vehicle.  However, a conviction for theft may be sustained even
where the accused is not found in physical possession of stolen property.  McNeely
v. State, 34 S.W.2d 873, 873 (Tex. Crim. App. 1930) (on rehearing).  

Ingels testified that he
asked appellant to accompany him to the general manager’s office, and appellant
complied.  While checking appellant for weapons, Ingels heard a clicking
sound.  Ingels testified that he found a key on a key chain tied to the
drawstring of appellant’s shorts.  When he asked appellant what the key was,
appellant said he did not recall.  Attempts to conceal incriminating evidence,
inconsistent statements, and implausible explanations to the police are
probative of wrongful conduct and are also circumstances of guilt.  Guevara
v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).  Ingels went outside to
determine whether the key was to the stolen vehicle, and the recovered Tahoe
sounded when Ingels hit the horn button.  When Ingels returned to the general
manager’s office, appellant was gone.  Evidence of flight evinces a
consciousness of guilt.  Clay v. State, 240 S.W.3d 895, 905 n.11 (Tex.
Crim. App. 2007).  

A rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Therefore, the evidence is legally sufficient to support appellant’s
conviction for the offense of theft of property with a value of $20,000 or more
but less than $100,000.  Accordingly, we overrule appellant’s first issue.  

 

2.         Factual
Sufficiency

In his second issue, appellant
contends the evidence is factually insufficient to prove he unlawfully took the
motor vehicle.  Appellant argues the following evidence tends to disprove that
appellant committed theft:  (1) Dickey did not know when the vehicle was taken
from the dealership; (2) Dickey and Ingels stated that the individual’s face
could not be seen on the surveillance video, Dickey did not recognize the
person in the surveillance video, and neither Dickey nor Ingels saw appellant
driving the vehicle; (3) Dickey testified that the individual was carrying a
large bag on his shoulder, but no one could link the bag to appellant; (4)
Dickey stated that, according to the key track system at the dealership, one
set of keys to the vehicle was checked out to Anthony Hancock and was never
checked back in, and Ingels did not speak to Hancock about the missing vehicle;
and (5) when appellant was questioned about the vehicle’s keys found in his
possession, he had other keys to other vehicles in his possession. 

First, appellant claims
Dickey did not know when the vehicle was taken.  However, Dickey testified that
the vehicle was taken from the dealership sometime between the time the
dealership conducted its vehicle inventory, which he stated occurred around the
beginning of each month, and October 10, 2007, the date the vehicle was
recovered.      

Second, appellant argues
Dickey and Ingels could not see the face of the person exiting the stolen
vehicle on the hotel surveillance video.  However, as stated under the
legal-sufficiency analysis, both Dickey and Ingels testified that the person in
the video was wearing distinctive clothing, they each saw someone at the
dealership wearing the same clothing, and both identified appellant in court as
the person from the dealership wearing the clothing.  The jury is the sole
judge of the weight and credibility of witness testimony.  Lancon, 253
S.W.3d at 707.  

Third, appellant
contends a bag in the make-ready department could not be linked to him.  Dickey
testified that the person in the surveillance video had a bag and that he later
saw what appeared to be the same bag in the make-ready department.  There was, therefore,
evidence placing the bag in the department where appellant worked.  A rational
factfinder certainly could conclude that this evidence, taken with other
identification evidence, connected the appellant to the crime.  As previously
stated, the jury is the sole judge of the weight and credibility of witness
testimony.  Lancon, 253 S.W.3d at 707.

Appellant claims that he has raised the existence of an
alternative hypothesis and, therefore, the evidence is factually insufficient. 
Appellant does not state specifically what that alternative hypothesis is.  Appellant
does argue, however, that the keys to the stolen vehicle were checked out to
Anthony Hancock, a salesman at the dealership, and were never checked back in
by him.  Dickey testified to this fact, but also stated that there were
instances when a salesman might give someone his key track number.  Ingels
testified that, in his experience, it was common practice for sales people to
share their key track passwords.  

The existence of alternative reasonable hypotheses may be
relevant to, though not necessarily determinative of, a factual-sufficiency
review.  See Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999). 
Although we may consider alternative hypotheses raised by the evidence, we may
not set aside the jury’s verdict simply because we think another result is more
reasonable.  Villani v. State, 116 S.W.3d 297, 304 (Tex. App.—Houston
[14th Dist.] 2003, pet. ref’d).  The testimony that the keys were checked out
to Hancock and never checked back in by him is not enough for this court to
conclude that the evidence is factually insufficient to support appellant’s
conviction.  See Herrero v. State, 124 S.W.3d 827, 835 (Tex.
App.—Houston [14th Dist.] 2003, no pet.).  By contrast, the jury heard testimony
that it was appellant who had the keys tied to the drawstring of his shorts,
and Dickey and Ingels identified appellant as the person they saw in the
dealership wearing clothing that matched the clothing worn by the person in the
surveillance video.  

Appellant also takes
issue with the fact that Ingels did not speak to Hancock; however, Ingels
testified that he was told by Dickey that Hancock no longer worked at the
dealership.  Dickey testified that he spoke with Hancock, and Hancock denied
having the keys.  The State is not otherwise required to disprove a reasonable
alternative hypothesis.  Dade v. State, 848 S.W.2d 830, 832 (Tex.
App.—Houston [14th Dist.] 1993, no pet.).   

Fifth, appellant
contends he had other keys in his possession at the time the keys to the stolen
vehicle were found in his possession.  However, Ingels testified that the keys
to the stolen vehicle were found uniquely tied to the drawstring of appellant’s
shorts.  Ingels testified that appellant carried another set of keys in a small
bucket.

Viewing the evidence in
a neutral light, the proof of guilt is not so obviously weak as to render the
verdict clearly wrong and manifestly unjust, nor is the proof of guilt
outweighed by the great weight and preponderance of the contrary proof so as to
render the verdict clearly wrong and manifestly unjust.  Therefore, we overrule
appellant’s second issue.

IV.      Conclusion

            Having
overruled all of appellant’s issues, we affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).