**Thomas MORSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46727.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 16, 1974.

**806**

Craig L. Austin, San Antonio, for appellant.

Ted Butler, Dist. Atty., Lucien B. Campbell, Charles Roberts, and Antonio G. Cantu, Asst. Dist. Atty., San Antonio, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the possession of marihuana; the punishment, two years' imprisonment, probated.

In several grounds of error the appellant attacks the statute under which he was convicted.[1]

The first ground of error is:

"Insofar as it pertains to marihuana, the Texas Uniform Narcotic Drug Act, Texas Penal Code and Article 725b (1961) is in such positive conflict with the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A., Sec. 801, et seq., that the two cannot consistently stand together and is therefore, invalid."

The appellant reminds us of the following differences between the Federal and Texas statutes concerning marihuana: Marihuana is classified as an hallucinogen by the Federal statute but is defined as a narcotic by the State statute. Our State law provides for a much greater maximum punishment than does the Federal law. Conviction under the State law results in a more serious loss of civil rights than does a conviction under Federal law.

We do not find these differences to constitute "a positive conflict" rendering our State statute void.[2]

---

1. The appellant's conviction was under the provisions of Article 725b, Vernon's Ann. P.C., prior to the effective date of the new Controlled Substances Act, Acts 1973, 63rd Leg., ch. 429. Among the numerous changes it makes in prior drug law, the Controlled Substances Act defines "marihuana" and "narcotic drug" separately.

2. The Federal Comprehensive Drug Abuse Prevention and Control Act of 1970 provides in part:
   "No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any

Appellant in his second ground of error asserts that a person can conceivably be punished for the possession of marihuana under Article 725b or 726d, V.A.P.C., which statutes provide differing penalties, and is therefore "not punishable under either for want of certainty of penalty."

 The appellant argues that the State could prosecute a person under Article 726d, V.A.P.C. for possession of marihuana because marihuana has characteristics similar to those of a hallucinogen or a hypnotic drug, the possession of which is in violation of that statute. This argument is untenable because the express classification of marihuana as a narcotic drug in Article 725b precludes its inclusion in Article 726d as a generic member of either the hallucinogen or hypnotic drug families. See concurring opinion of Justice Hale in State v. Zornes, 78 Wash.2d 9, 475 P.2d 109 (1970); see also Frazier v. State, 480 S.W.2d 375 (Tex.Cr.App.1972).

The appellant next argues that the Legislature's classification of marihuana as a narcotic drug was "so against the great weight of scientific and medical knowledge that it was arbitrary and capricious and beyond the power of the legislature." This contention has been considered by this Court a number of times, and has always been rejected. We are not persuaded to alter our views by the testimony of appellant's expert witness, nor do we see any gain in a detailed treatment of the question. See, e.g., Tibbetts v. State, 494 S.W.2d 552 (Tex.Cr.App.1973); Sanders v. State, 482 S.W.2d 648 (Tex.Cr.App.1972) and Reyna v. State, 434 S.W.2d 362 (Tex. Cr.App.1968).

State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together." 21 U.S.C., § 903 (1970).

A part of the legislative history of the Federal statute reads as follows:

Appellant's remaining ground of error attacks the punishment provided for the possession of marihuana as a cruel and unusual punishment violating the Constitution. This contention, like the previous one, has been considered and rejected by this Court on a number of occasions. See, e. g., Williams v. State, 476 S.W.2d 674 (Tex.Cr.App.1972); Cook v. State, 467 S.W.2d 421 (Tex.Cr.App.1971); Broom v. State, 463 S.W.2d 220 (Tex.Cr.App. 1970), cert. den. 402 U.S. 933, 91 S.Ct. 1523, 28 L.Ed.2d 868 (1970). We overrule this contention.

The judgment is affirmed.

Opinion approved by the Court.

"Subsection (c) sets out the various narcotics, marihuana, stimulants, depressants, hallucinogens, and immediate precursors controlled under existing law and lists them in one of the five schedules. The listing of a drug by the bill under one schedule or another is not intended to affect the extent to which it is regulated under other laws." Section 202, 1970 U.S.Code Cong. and Admin.News, p. 4605.