**Ned TAYLOR, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47888.

Court of Criminal Appeals of Texas.

March 20, 1974.

Rehearing Denied April 17, 1974.

**564**

John T. Montford, Lubbock (Court appointed on appeal only), for appellant.

Alton R. Griffin, Dist. Atty., Larry Glazner, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, imprisonment for five years.

In his first ground of error the appellant says he was denied his right to be represented by counsel of his own selection at his trial in violation of his rights of due process of law under the Fourteenth Amendment of the United States Constitution.

Immediately after announcements of ready had been made by both the State and defense counsel there was a discussion between the Court and counsel out of hearing of the jury and the court reporter.

The Court removed the jury panel from the courtroom and a colloquy took place in which the appellant insisted that he wanted his lawyer to "fight his case" for him, and that he had not paid his lawyer merely to get him less time in the penitentiary. The colloquy then continued:

"THE COURT: Do I understand that you have been hired to fight the cause, Mr. Howard?

"MR. HOWARD [DEFENSE COUNSEL]: Yes, sir, Your Honor.

"THE COURT: And, you are going to fight the case, is that correct?

"MR. HOWARD [DEFENSE COUNSEL]: Yes, sir, Your Honor.

"THE COURT: All right. Anything further?

"THE DEFENDANT: My lawyer is not here.

"THE COURT: Mr. Chappell? Mr. Chappell and Mr. Howard are partners in the same lawfirm and are each competent counsel in this matter. And, your Motion for Mistrial is denied. You may be seated."

■ The appellant now argues that the trial court should have inquired into the facts and circumstances surrounding the appellant's "request" for counsel as evidenced by the above-quoted exchange and should have regarded the appellant's motion for a mistrial as a motion for continuance. One of the appellant's principal authorities is Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 640 (1942) which is cited for the proposition that an accused may not be deprived of the representation of retained counsel of his choice and that there is a strong presumption against a waiver of representation by retained counsel. The facts in Glasser, however, were quite different. Glasser, an attorney himself, was represented by retained counsel. The trial court appointed Glasser's retained counsel to represent a

codefendant who was being tried at the same time. Glasser and the co-defendant had inconsistent defenses and Glasser's counsel, in an attempt to fulfill his obligations as appointed counsel for the other defendant, did not serve Glasser as well as he might have. We construe the record in this case to show that attorney Howard as well as attorney Chappell was retained to defend the appellant.[1] Under the circumstances presented here the trial court was not under a duty to grant a continuance or to interrupt the proceedings and make further inquiry concerning retained counsel. Cf. Thompson v. State, 447 S.W.2d 920 (Tex.Cr.App.1969); Robinson v. State, 458 S.W.2d 75 (Tex.Cr.App.1970); White v. State, 496 S.W.2d 642 (Tex.Cr.App.1973).

An examination of the record shows the appellant was well represented in the trial of this case. The appellant was positively identified by the victim of the robbery as one of the two robbers. The appellant and his companion were arrested a short time after the robbery and near where it occurred. The appellant was driving the automobile in which they were arrested. "There was in full view on the front seat a large amount of money." A number of money order forms taken in the robbery as well as a .22 caliber pistol were found under the right front seat of the appellant's automobile. During the trial the appellant's counsel made numerous objections which were sustained and conducted thorough cross-examination of the State's witnesses. A defense was presented in which the appellant testified, admitting his presence at the scene of the robbery, but attempted to explain the circumstances in such a way as to show his innocence. The facts were ample to sustain the jury's guilty verdict. The jury assessed the minimum penalty provided. Under this record we reject the appellant's contention that he was denied the due process of law accorded by the Fourteenth Amendment to the Constitution of the United States.

The appellant's counsel on appeal, who was appointed to represent him, has also presented at the appellant's request the two following grounds of error.

We find, based on the above-stated facts, that the appellant's contention that he was denied the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the Constitution of the United States is without merit.

The appellant's remaining contention is that the State failed to show by legal and competent evidence that the pistol used in the alleged robbery was a firearm. A .22 caliber pistol which was obtained when the appellant was arrested, and which the victim of the robbery said looked like the pistol carried by the robbers, was admitted in evidence before the jury. In the absence of a trial objection, no additional proof was necessary to show the pistol was a firearm.

The judgment is affirmed.

Opinion approved by the Court.

1. The docket sheet named Joel Howard as appellant's attorney. A trial setting and other documents named Byron Chappell as his counsel, and the record shows the appellant waived arraignment while represented by Ray Fargason.