**Don Henry WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50298.**

Court of Criminal Appeals of Texas.

July 9, 1975.

Robert Everett L. Looney and Duncan F. Wilson, Austin, for appellant.

Robert O. Smith, Dist. Atty., David A. Sheppard, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant plead guilty, and was convicted of unlawful possession of a usable quantity of marihuana of more than four ounces. Punishment was assessed at two years. The offense occurred January 16, 1974.

Appellant's sole ground of error is:

"The trial court erred in its judgment of sentence in that the penal provisions of The Texas Controlled Substances Act under which appellant was convicted are unconstitutional and void."

Appellant argues that the punishment provisions of the Texas Controlled Substances Act, Article 4476–15, Section 4.05(a) and (b)(1), Vernon's Ann.Tex.Civ.Stats. are in such direct conflict with those of the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, Title 21, U.S.C.A., Section 844(a), that by virtue of Title 21, U.S.C.A., Section 903, the Texas penalty provisions are void.

Appellant's conviction rests upon a violation of Section 4.05(a) of Article 4476–15, Vernon's Ann.Tex.Civ.Stats., which prohibits the possession of a usable quantity of marihuana. Where, as in the instant case, the quantity is more than four ounces, the offense is a third degree felony, Section 4.05(b)(1), with a punishment range of from two to ten years and a fine not exceeding $10,000.00. V.T.C.A., Penal Code, Section 12.34.

For the purpose of showing a "positive conflict" (see 21 U.S.C.A., Section 903, supra) between the penalties under our State Controlled Substances Act and those provided in the Federal statute, appellant compares the above stated penalties with Title 21, U.S.C.A., Section 844(a), which prohibits "simple possession" of controlled substances, including marihuana. The punishment there provided is "imprisonment of not more than one year, a fine of not more than $5,000, or both, except that if he commits such offense after a prior conviction or convictions under this subsection have become final, he shall be sentenced to a term of imprisonment of not more than 2 years, and a fine of not more than $10,000, or both."

Appellant in his brief states that he "bases his appeal on the special nature of 21 U.S.C.A., Section 903, in relation to the penalty provisions of the Texas Controlled Substances Act . . . ."

He further states:

"It is appellant's contention that certain provisions of the Texas Act—specifically, the penal provisions—do frustrate the intention of Congress and thus are void through operation of the Supremacy

Clause[1] and the special nature of 21 U.S.C.A., Section 903."

Section 903 of Title 21, U.S.C.A., provides:

"Application of State law

"No provision of this subchapter shall be construed as indicating an intent on the part of Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is *a positive conflict* between that provision of this subchapter and that State law so that the two cannot consistently stand together." (Emphasis added).

We do not find that the differences in the punishments provided in the State and the Federal laws constitute a positive conflict such as prevents the two to consistently stand together. See Morse v. State, Tex.Cr.App., 502 S.W.2d 805;[2] Stein v. State, Tex.Cr.App., 514 S.W.2d 927.

Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

---

1. Article VI, Clause 2, U. S. Constitution, which states in part: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges of every State shall be bound thereby . . . ."

2. In *Morse*, we quoted Section 903 of Title 21, U.S.C.A., supra, and held that a range of punishment of from 2 years to life for violation of the provisions of the Texas Uniform Narcotics Drug Act, Article 725b, V.A.P.C. (1961) did not constitute "a positive conflict" with Title 21, Sections 801 et seq., U.S.C.A.