Norman Carl MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 50984.

Court of Criminal Appeals of Texas.

June 9, 1976.

Rehearing Denied July 7, 1976.

Jack W. Beech, Fort Worth, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for delivery of a controlled substance, to wit,

lysergic acid diethylamide.[1] A jury found appellant guilty on December 12, 1974 and assessed his punishment at nine years' imprisonment. The offense occurred on May 1, 1974.

Appellant filed a motion for speedy trial which was granted on September 16, 1974. On the next trial setting, November 5, 1974, though, he asked for and received a continuance until December 11, 1974. On that date, appellant appeared with attorney Max Blankenship and requested another continuance on the grounds that his lead counsel, Jack Beech, had entered the hospital the day before and was unable to represent appellant. It developed that appellant had retained Beech and that Blankenship was an associate of Beech. The trial was continued until later that day, but then proceeded without Beech and over objection until the jury rendered its verdict the next day. Attorney Beech next made an appearance on December 30, 1974 at the hearing on appellant's motion for new trial.

■ Appellant seeks reversal on the grounds that the trial court abused its discretion in denying his motion for continuance based on the absence of attorney Beech. It is well settled that such action is not an abuse of discretion where the defendant was ably represented throughout the trial by substitute counsel. *Taylor v. State*, 507 S.W.2d 563 (Tex.Cr.App.1974); *Payton v. State*, 503 S.W.2d 787 (Tex.Cr. App.1974); *Gray v. State*, 477 S.W.2d 635 (Tex.Cr.App.1972); *McKnight v. State*, 432 S.W.2d 69 (Tex.Cr.App.1968). There has been no suggestion that attorney Blankenship did not ably represent appellant. No abuse of discretion is shown.

■ Appellant also attacks the sufficiency of the evidence to show that it was he who gave the LSD to the intermediary for purchase by the narcotics agent, B. R. Armand. He also contends that there was no showing that he knew he was delivering the LSD to Armand, as alleged in the indictment.

The evidence showed that narcotics officer Armand met one Robert Kaufman at a bowling alley in Fort Worth at 11:00 p. m. on May 1, 1974. The two proceeded to appellant's residence in neighboring Parker County. Armand waited in the car while Kaufman went to the door of the house. Armand testified that appellant answered Kaufman's knock and handed him a small package. Kaufman returned to the car and gave the package to Armand. The package was later proven to contain the LSD.

The court instructed the jury on the law of principals. The evidence was sufficient to sustain the conviction of appellant for delivering LSD to Armand. *Saddler v. State*, 167 Tex.Cr.R. 309, 320 S.W.2d 146 (1959).

■ Appellant lodges several attacks on the impanelling and authority of the grand jury and, hence, on the validity of his indictment. First, he complains that there are no court orders for the appointment of the grand jury commissioners or the grand jury foreman, as required by Arts. 19.01 and 19.34, V.A.C.C.P. Art. 19.34 states no requirement of an order appointing the grand jury foreman. And the requirement of a court order in Art. 19.01 has been held to be directory, not mandatory. *Garcia v. State*, 522 S.W.2d 203 (Tex.Cr.App.1975). The absence of a written order did not render the indictment fatally defective.

■ Appellant presented evidence at a pre-trial hearing on his motion to set aside the indictment which showed that the grand jury met only on July 22, August 5, September 17, and October 4, in its July, 1974 term. He contends that there was no court order permitting them to adjourn in the interim periods for more than three days, as required by Art. 20.08, V.A.C.C.P. Art. 20.08 requires only the court's consent to adjourn for more than three days, not an order. The trial judge testified at the hearing that he gave this consent each time the grand jury reassembled and adjourned. No error is shown.

---

1. Despite repeated promises to do so, the State has not provided this Court with a brief in this matter. The State has thus failed to comply with Art. 40.09, Sec. 10, V.A.C.C.P. *Coleman v. State*, 530 S.W.2d 823, 825 (Tex.Cr.App. 1976) (dissenting opinion).

Appellant also makes a complicated attack on the constitutionality of the Texas Controlled Substances Act. The gist of his contention is that the state statute is in conflict with the federal Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A., Sec. 801 et seq., because it provides harsher penalties than does the federal act. The identical contention was rejected in *Wilson v. State*, 525 S.W.2d 30 (Tex.Cr.App.1975). This ground of error has no merit.

The judgment is affirmed.

DOUGLAS, Judge (dissenting).

The offense occurred on May 1, 1974. On June 27, 1974, appellant contracted with a Fort Worth attorney, Jack Beech, to represent him. On September 16, 1974, a motion for a speedy trial was filed and the trial was set for November 5, 1974. Appellant requested and received a continuance on November 5 because his attorney, Jack Beech, had been subpoenaed to appear before a grand jury in DeWitt County. Appellant's trial was reset for December 11, 1974.

On the morning of December 11, Max Blankenship, an attorney and employee of Jack Beech, appeared before the trial court and requested a continuance on behalf of appellant. This motion was made because attorney Beech had been admitted to the hospital on December 10, 1974, due to the recent and severe aggravation of a back injury.

In support of his sworn motion for continuance appellant testified that he had hired Beech not Blankenship and that he felt that Beech was more familiar with his case. Appellant stated that he had talked with Blankenship only two or three times about his case and that those conferences were during court appearances. Appellant stated that the most Blankenship had done on his case was attend the pretrial hearing with Beech and file some motions relating to his case. Appellant testified that he had discussed his case with Beech once or twice a week since June, 1974.

In support of the motion for continuance Max Blankenship testified that he had been employed by Beech on a full time basis since October, 1974, and that he had not discussed this case with appellant before the initial motion for continuance in November. Blankenship stated that although he had prepared and filed some motions in appellant's case none required knowledge of the particular facts of appellant's case. He stated that in his opinion it would be in appellant's best interest to be represented by Beech who had more experience, qualifications as a trial lawyer, and familiarity with the case. Blankenship also testified that he had appeared in court prepared only to argue the motion for continuance and that he was due in court in an adjacent county to resume jury selection in another case. He stated that the judge in that case had given him permission to request the continuance in appellant's case but expected him to return to trial in his court.

The trial court gave appellant until 1:00 p. m. to acquaint Blankenship with the facts of his case. Appellant excepted to this ruling.

During the hearing on appellant's motion for new trial, held on December 30, 1974, Beech testified that he had been employed by appellant, that he had entered the hospital the day before the trial and was in traction and under medication on the day of the trial. He stated that he had tried more felony trials than had Blankenship, that a large percentage of these trials had been drug cases, that he was generally a more experienced trial lawyer than Blankenship and, therefore, less likely to make mistakes at trial. He testified that he had grown up in Parker County and would be more familiar with the people and the jury panel than would Blankenship who had never been a resident there. He also stated that he had interviewed the key police witness and would have more insight into his testimony than would Blankenship who had never talked with him before the trial. Beech testified that when preparing a motion Blankenship consulted with him and not the client on the substance of the motion. He also stated that Blankenship was an employee and not a partner of his

firm and that Blankenship had been with him only a short time. An affidavit by Dr. George Naugles recited that he was on the staff of White Settlement Hospital and that he had treated Jack Beech for some ten years. An x-ray of the back showed that Beech had a narrow space between two vertebrae which indicated a ruptured disc. He ordered Beech to the hospital on the 10th of December, 1974. Beech was being given the drug norflex and he could not function properly with or without medication.

Although the disposition of a motion for continuance lies within the sound discretion of the trial court, *Chance v. State*, 528 S.W.2d 605 (Tex.Cr.App.1975), if the object of the Sixth Amendment to the United States Constitution is to be met, an appellant should be allowed representation of his own choosing. *Chandler v. Fretag*, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954). This is especially so when a request for such representation is not unreasonable and would not unduly hinder the administration of the trial court.

In this instance, appellant presented a verified motion for continuance. Appellant had previously requested only one other continuance. The testimony showed that neither request for continuance had been due to any lack of diligence or preparation on the part of appellant or his attorney, but rather due to circumstances beyond either's control. The record shows that appellant had hired Beech several months before the trial, that Beech had discussed the case with appellant on a continuing basis and that he was more familiar with the case than was Blankenship.

The evidence given at the motion for continuance also supports appellant's contention that his retained counsel was hospitalized and that Blankenship was an employee not a partner in Beech's office. The record also shows that Blankenship, at the beginning of appellant's trial, was in the midst of another trial and was not free to concentrate on appellant's case. There is no indication in the record that the motion for continuance was an effort on appellant's part to contravene his earlier motion for a speedy trial or that the attorney's illness was feigned in any way.

The nature of the offense and record of the trial would indicate that the morning given to Blankenship to familiarize himself with the facts of the case would not be sufficient time to prepare an adequate case for the appellant.

We should hold that in this instance the trial court abused its discretion in forcing appellant to trial without benefit of counsel of his own choosing.

The judgment should be reversed and the cause remanded.

ONION, P. J., concurs in this dissent.