**Samuel Alonzo ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–271–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 8, 1991.

Discretionary Review Refused
Oct. 16, 1991.

Terrence Gaiser, Houston, for appellant.

Scott A. Durfee, Houston, for appellee.

Before JUNELL, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Samuel Alonzo Rogers, appeals his judgment of conviction for the offense of delivery of a controlled substance, namely, cocaine weighing less than twenty-eight (28) grams. TEX.HEALTH & SAFETY CODE ANN. § 481.102(3)(D) and § 481.112(a), (b) (Vernon 1991). The jury rejected appellant's not guilty plea and, after finding the enhancement paragraph of the indictment to be true, assessed punishment at twenty-seven (27) years' confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant brings four points of error on appeal. In points one and two appellant asserts that the evidence is insufficient to show that: (1) he acted with the intent to promote or assist Kenneth White in delivering cocaine to J.E. Williams or (2) that he acted intentionally or knowingly in delivering cocaine to J.E. Williams. In points three and four appellant contends that there is no evidence to show: (3) he knew or intended to deliver cocaine to J.E. Williams, or (4) that he solicited, aided, encouraged, directed, or attempted to aid Kenneth White to deliver cocaine to J.E. Williams.

Viewed in the light most favorable to the verdict the evidence showed the following: On July 23, 1989, Officer Jeff Williams of the Houston Police Department was in the Third Ward area of Houston, investigating possible sources of crack cocaine as part of an undercover operation with the Narcotics Tactical Squad. At 1:30 p.m., Williams was flagged down by a man later identified as Kenneth White. In the course of a brief conversation, White agreed to deliver crack cocaine to Williams for twenty dollars.

Williams gave White a marked twenty dollar bill and White went to a nearby residence. The door of the residence opened and Williams observed appellant in the doorway. Williams also saw White

give appellant the marked twenty dollar bill and saw appellant deliver a small plastic baggie to White. White then delivered the baggie to Williams and Williams left the scene, giving a description of White and appellant to the tactical arrest team. The arrest team then moved in and apprehended White and appellant. Appellant was in possession of the marked twenty dollar bill and seventeen additional baggies of crack cocaine at the time of his arrest. The Houston Police Department crime laboratory tested the contents of the baggie delivered to Officer Williams and identified it as crack cocaine.

In reviewing the sufficiency of the evidence, this court must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989).

■ Appellant raises four related points of error in this appeal, claiming in each point that the State's evidence is insufficient to sustain the jury's verdict, given the absence of evidence that appellant knew J.E. Williams was a part of the cocaine transaction between himself and Kenneth White. Appellant does not reconcile the key case on point, *Miller v. State,* 537 S.W.2d 725 (Tex.Crim.App.1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1120, 51 L.Ed.2d 547 (1977), predicated on identical facts to the instant case. *Miller* held that with an instruction on the law of principals, an antecedent version of the law of parties, facts such as those in the instant case are sufficient to sustain a conviction for delivery of a controlled substance. 537 S.W.2d at 726. We find that the evidence is sufficient in the instant case to justify the jury's conviction of appellant as a party to the actual delivery of the controlled substance to Officer Williams.

■ Appellant was tried for delivery of a Schedule I controlled substance under Section 481.112 of the Texas Controlled Substances Act. *See* Tex.Health & Safety Code Ann. § 481.112 (Vernon Supp.1991). The law of parties may be applied to the offense of delivery of a controlled substance. *Ammons v. State,* 782 S.W.2d 539, 540–41 (Tex.App.—Houston [14th Dist.] 1989, no pet.). "Delivery" is defined under the Act to include three theories of commission: (1) actual transfer of a controlled substance; (2) constructive transfer of a controlled substance; and (3) offering to sell a controlled substance. Tex.Health & Safety Code Ann. § 481.002(8) (Vernon Supp.1991). Although appellant was indicted under all three versions of the statute, the jury was asked only to deliberate in this case on the issue of whether appellant was a party to an actual transfer of a controlled substance.

The charge read, in pertinent part, as follows:

Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 23rd day of July, 1989, Kenneth Ray White, did then and there unlawfully, intentionally, or knowingly deliver by actual transfer to J.E. Williams, a controlled substance, namely cocaine, weighing by aggregate weight, including any adulterants or dilutants, less than 28 grams, and that the defendant, Samuel Alonzo Rogers, with the intent to promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid Kenneth Ray White to commit the offense, if he did, then you will find the defendant guilty as charged in the indictment.

■ In assessing the sufficiency of evidence to convict a party to an offense, the evidence must directly or circumstantially show that appellant acted with intent to promote or assist in the commission of the offense by soliciting, encouraging, directing, aiding or attempting to aid another person in the commission of the delivery. *Martin v. State,* 753 S.W.2d 384, 387 (Tex. Crim.App.1988). In determining whether one has acted as a party in the commission of a criminal offense, the jury must look to events occurring before, during and after the offense and reliance may be placed on

actions which show an understanding and common design to engage in an act. *Moore v. State,* 804 S.W.2d 165, 166 (Tex. App.—Houston [14th Dist.] 1991, no pet.). Participation in an enterprise may be inferred from the circumstances and need not be shown by direct evidence *Beardsley v. State,* 738 S.W.2d 681, 684 (Tex.Crim. App.1987).

In the instant case, the circumstances support an inference that appellant acted with knowledge that the transaction would extend beyond Kenneth White to Officer Williams. Williams was able to observe appellant from his truck, seven to eight feet away from appellant's door, in the area in front of appellant's house. He observed appellant for a period of three to five minutes on a clear sunny day. Logically, then, the jury could conclude that appellant was in a position to see Officer Williams in the course of the transaction with Kenneth White.

The close proximity of White's location when he flagged down the officer and the address where he received the cocaine is indicative of a relationship in which the procurer solicits business for the seller. The record shows that Officer Williams was flagged down on the corner of the 2900 block of Callie, and that he then walked to 2905 Callie to conduct the drug transaction. This arrangement made it possible for the procurer to arrange cocaine transactions without carrying large quantities of cocaine unprotected in the street.

Further, the record shows that White received twenty dollars from the officer, gave the twenty dollars to appellant in exchange for a packet of cocaine, delivered the packet intact to the officer, and received nothing from the officer for his work. Logic dictates that if White was not working for a benefit from the officer, he was working for a benefit from appellant, the seller, for his services as a procurer.

Accordingly, the only reasonable inference from the surrounding facts and circumstances is that appellant knew at the time of the transaction that White was purchasing for someone else and that his intent at the time of the offense was to assist White in the commission of delivery of the cocaine by supplying the drug.

Appellant cites *Gonzalez v. State,* 588 S.W.2d 574 (Tex.Crim.App.1979), in which the court held that the State failed to prove a constructive delivery of heroin to a police officer where there was "no evidence ... that appellant knew that heroin was being purchased ... on behalf of a third person [the police officer]." *Id.* at 577–78. *Gonzalez* is inapposite to this case because its analysis is based on the state's failure to present evidence of a constructive transfer without a charge on the law of parties. The charge in this case asked the jury to deliberate on an actual transfer with an instruction on the law of parties.

The *Gonzalez* court recognized this distinction and pointed the way to more appropriate authority for this case in *Miller v. State,* 537 S.W.2d 725 (Tex.Crim.App.1976). *See Gonzalez,* 588 S.W.2d at 576. In *Miller,* appellant argued that the State had made no showing that he knew he was delivering LSD to the third party recipient named in the indictment. *Miller,* 537 S.W.2d at 726. The evidence showed that an undercover officer met with a procurer, who drove with the officer to appellant's residence and, leaving the officer in the car, went to the door of the house and purchased a package of LSD from appellant. At trial, the court instructed the jury on the law of principals.

The *Miller* court held that the evidence was sufficient to sustain the conviction of appellant for delivery of LSD to the officer. We find in the instant case that the evidence is sufficient to sustain appellant's conviction for actual delivery of cocaine to Officer J.E. Williams. Appellant's four points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.