# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00727-CR
NO. 03-05-00728-CR
NO. 03-05-00729-CR

**Antonio Campos, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
NO. 5844, 5845, & 5846, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Antonio Campos of three counts of aggravated sexual assault of a child, and the trial court assessed punishment at three concurrent sentences of forty-five years imprisonment. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2006). On appeal, appellant complains that the indictments under which he was tried were void, that the attorney who prosecuted the cases was not validly appointed as an assistant county attorney, and that the court should have granted his motion to suppress. We affirm the trial court's judgments of conviction.

### Indictment

In his first point of error, appellant argues that the indictments under which he was convicted are void and, therefore, that the trial court lacked jurisdiction over the causes. He contends that the indictments are invalid because the clerk's records do not contain orders from the trial court

giving the grand jury consent to adjourn for more than three days before it reconvened and returned the three indictments at issue in this case. *See* Tex. Code Crim. Proc. Ann. art. 20.08 (West 2005) (grand jury shall meet and adjourn as agreed by majority of jurors, but "shall not adjourn, at any one time, for more than three days, unless by consent of the court").

The clerk's records in these causes show that the grand jury was impaneled on April 16, 2002, and returned several indictments that day before requesting permission to "be discharged, subject, however, to further Order of the Court." The record does not reflect that the trial court issued any order in response to the grand jury's dismissal request, but on May 10, 2002, the court signed an order stating that the grand jury would reconvene on May 22. When the grand jurors responded and reconvened on that day, they returned the indictments against appellant. Appellant argues that if the grand jury had "received permission to adjourn for more than three days, there would be no necessity to request such permission," as the grand jury did here in its filings with the trial court. Appellant also asserts that the record shows "that it is the practice of the judge of the 21st Judicial District to sign written orders consenting to the adjournment of the grand jury for more than three days," pointing to a "consent to adjourn" signed by a different trial court judge in 2004, giving a different grand jury permission to adjourn for more than three days. He argues that because there is no evidence that the trial court gave permission for the adjournment, the indictments are void.

Appellant, who was represented by counsel throughout these proceedings, did not file a motion to quash the indictments or otherwise raise the issue before the trial court. An objection to an indictment's form or substance is waived if not raised before trial. *Id.* art. 1.14(b) (West 2005); *see Sanchez v. State*, 120 S.W.3d 359, 363-67 (Tex. Crim. App. 2003) (prior to 1985, "substantive"

2

defect in indictment could be raised for first time on appeal, but since constitutional amendment to article V and enactment of article 1.14, right to be charged by defect-free indictment is neither "a 'systemic' requirement nor a 'waivable' right" and "any unobjected-to error in the instrument is not 'fundamental'"). "Form" objections are limited to objections that the indictment does not appear to have been presented in the proper court, is lacking a requirement set out in article 21.02 or 21.21, or was not returned by a lawful grand jury.[1] Tex. Code Crim. Proc. Ann. art. 27.09 (West 2005). Because this objection to the indictments' form, which does not raise the specter of fundamental error, was not raised before trial, appellant has waived this issue. *See id*. art. 1.14(b); *Sanchez*, 120 S.W.3d at 367. We overrule appellant's first issue.[2]

---

[1] Substantive objections are limited to complaints that the indictment: does not allege the commission of an offense by the defendant; shows on its face that prosecution is time-barred, that the offense was committed after the indictment's findings, or that the trial court lacks jurisdiction over the offense; or contains "a legal defense or bar to the prosecution." Tex. Code Crim. Proc. Ann. art. 27.08 (West 2005).

[2] No formal order is required for a trial court to allow a grand jury permission to adjourn for more than three days. *Smith v. State*, 907 S.W.2d 522, 525-26 (Tex. Crim. App. 1995); *Miller v. State*, 537 S.W.2d 725, 726 (Tex. Crim. App. 1976). Because appellant never complained about the alleged infirmities in the indictments, there was no hearing on the issue at which the trial court could have testified about whether it gave permission for the adjournment. *See Smith*, 907 S.W.2d at 525-26; *Miller*, 537 S.W.2d at 726 ("The trial judge testified at the hearing that he gave this consent each time the grand jury reassembled and adjourned. No error is shown."). Although Lee County may now prepare written consents to adjourn, there is no indication in the record that the same policy was in place in 2002, when appellant was indicted, and appellant has not shown that the grand jury did not receive the trial court's permission to adjourn for more than three days. *See Smith*, 907 S.W.2d at 525-26 ("Article 20.08 requires only the court's consent to adjourn for more than three days and no formal order is required. Given nothing to indicate that this was not done in the instant case, we cannot say that the trial court erred in overruling the motion to quash the indictment."); *Miller*, 537 S.W.2d at 726.

**Authority of State's Attorney**

In his second point of error, appellant asserts that Lisa Tanner, the attorney who represented the State, did not have a valid appointment as an assistant county attorney and had not taken the required oath of office, and that the trial court therefore erred in allowing her to prosecute the cases.[3] He argues that because she performed "official acts" without having proper authority to do so, her actions in the cases were "absolutely void" and require reversal.

Appellant raises this issue for the first time on appeal and did not raise this issue before the trial court. Thus, appellant has waived the issue on appeal. *See Hartsfield v. State*, 200 S.W.3d 813, 816 (Tex. App.—Texarkana 2006, pet. ref'd); *Stephens v. State*, 978 S.W.2d 728, 730-31 (Tex. App.—Austin 1998, pet. ref'd). As in *Hartsfield*, which concerned Tanner as well, even if the issue had been preserved, appellant has not shown error. *See* 200 S.W.3d at 816-17; *see also Ex parte Grundy*, 8 S.W.2d 677, 677-78 (Tex. Crim. App. 1928) ("There seems no question but that Wassell was . . . a de facto assistant county attorney. He was in such office, . . . performed its duties, acted as such, and was recognized by this appellant and the public as such officer. The fact that he had not taken the oath and that no written deputation had been filed, in no way prevented him from being such de facto officer."). We overrule appellant's second point of error.

---

[3] Appellant was first indicted in May 2000. On February 11, 2002, Ted Weems, the County and District Attorney for Lee County, deputized Lisa Tanner as an assistant county and district attorney in those cause numbers, and Tanner filed an oath of office one week later. Appellant was re-indicted in May 2002, and the original cause numbers were dismissed. Tanner continued to act as prosecutor against appellant in the new cause numbers. Appellant failed to appear for trial in June 2002, and he was not apprehended until March 2005. According to the State, due to an "oversight," Weems neglected to re-deputize Tanner after appellant's re-indictment or Weems's 2005 reelection. The State recites that Weems has since deputized Tanner as an assistant county attorney for all purposes.

**Motion to Suppress**

In his third point of error, appellant argues that the trial court erred in denying his motion to suppress, contending that he did not give effective consent to the search.

At a hearing on appellant's motion to suppress, police investigator Nathan Lapham testified that he went to appellant's residence to arrest him pursuant to a warrant. After placing appellant under arrest, the police requested and received appellant's consent to search his residence. Lapham testified that the police provided appellant with a written form explaining his rights and that he explained the form to appellant, speaking English. Lapham testified that appellant gave his consent for the search and signed the form. A signed consent form was introduced into evidence and is signed "Antonio Campos." Detective Riza signed the form as a witness, but was not called to testify at the hearing. Appellant testified at the hearing and denied that he signed the consent form. He testified that he had never seen the consent form before and that it was not presented to him upon his arrest. The trial court denied appellant's motion to suppress.

Appellant contends that the trial court erred in denying his motion to suppress because there was no testimony that appellant had been read his rights before he consented to the search, there were some inconsistencies in Lapham's testimony about the circumstances surrounding appellant's arrest, and the State did not subpoena Detective Riza to testify at the hearing.

In reviewing a trial court's ruling on a motion to suppress we view the evidence in the light most favorable to the court's ruling because the trial court was "uniquely situated" to observe the demeanor and appearance of the witnesses. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007) (quoting *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006); *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)). The trial court is the sole judge of the

5

credibility and weight to be given witness testimony, and we will give "'almost total deference to a trial court's express or implied determination of historical facts and review de novo the court's application of the law of search and seizure to those facts.'" *Id*. (quoting *Ross*, 32 S.W.3d at 856). If the trial court does not enter findings of fact, as here, we view the evidence in the light most favorable to the ruling, presuming that the court made implicit findings of fact supporting its ruling, provided that those findings find support in the record. *Id*. (quoting *Ross*, 32 S.W.3d at 855).

Despite the minor inconsistencies in Lapham's testimony about appellant's arrest, which occurred more than five years before trial, Lapham's and appellant's credibility was an issue for the trial court alone to resolve. The trial court was the sole judge of the weight and credibility to be given the testimony. *See id*. The trial court presumably found that Lapham's testimony was credible and that appellant's denial of ever having seen the form was not. We will not second-guess that determination. We overrule appellant's third point of error.

**Conclusion**

Having overruled appellant's points of error, we affirm the judgments of conviction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Affirmed

Filed: July 20, 2007

Do Not Publish

6