COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



ANGEL ORQUIZ,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-09-00097-CR



Appeal from the


384th District Court


of El Paso County, Texas


(TC# 20070D02341)


O P I N I O N


 Following his conviction for two counts of aggravated sexual assault of a child, Angel
Orquiz, Appellant, was placed on community supervision for ten years. In a single issue on appeal,
he contends that the trial court abused its discretion by denying his motion for continuance. We
affirm.

BACKGROUND

 As Appellant has not challenged the sufficiency of the evidence, only a brief recitation of
facts is necessary for our analysis. On one particular night, Gisela Garcia noticed that her youngest
daughter was touching herself. When asked where she learned that behavior, the daughter replied
that the complainant, her older sister, had taught her. Garcia then learned from the complainant that
she had been involved in sexual incidents with her "step-dad," Appellant. (1) According to the
complainant, Appellant would touch her breast and vagina with his hands, lick her vagina, put his
finger in her vagina, and penetrate her anus with his penis. The complainant also alleged that
Appellant forced her to lick his penis and place it in her mouth.

 Appellant was later indicted for six counts of aggravated sexual assault of a child. Count I
alleged that Appellant penetrated the mouth of the complainant with his sexual organ, Count II
alleged that Appellant digitally penetrated the complainant's sexual organ, Counts III and V alleged
that Appellant penetrated the complainant's sexual organ with his sexual organ, Count IV alleged
that Appellant caused the complainant's sexual organ to contact his mouth, and Count VI alleged
that Appellant penetrated the complainant's anus with his sexual organ. The trial court granted
Appellant's motion for directed verdict as to Counts III and V, and the jury acquitted Appellant of
Counts IV and VI.

DISCUSSION

 Appellant's sole issue on appeal contends that the trial court abused its discretion by denying
his motion for continuance on account of counsel's mother having suffered a stroke days before the
trial was set to begin. According to Appellant, counsel was not "at his best" as "the immediacy and
the seriousness of the attorney's mother's condition were too great a misfortune to put aside and
soldier forward."

Applicable Facts

 On Wednesday, February 4, 2009, which was two days before the scheduled trial, Appellant
filed a written motion for continuance. The basis for the motion was that counsel's mother suffered
a stroke and was in the hospital pending evaluation and possible heart surgery. In chambers, counsel
represented to the trial court that his mother may have surgery on Friday, but that he could be ready
for trial on Monday, February 9, 2009. Although the trial court initially denied the motion, it later
reconsidered and orally granted a continuance from Friday, February 6, 2009, to Monday, February
9, 2009.

 Prior to jury selection on February 9, 2009, counsel orally re-urged his motion for
continuance, alleging he was not prepared for trial given the circumstances. Counsel did not file
another written motion for continuance but simply relied on the motion for continuance that he filed
on February 4, 2009. Appellant testified in support of the continuance, stating that he was concerned
about counsel's ability to provide effective assistance when going through such a traumatic situation. 
The trial court, by written order dated February 9, 2009, denied the motion. According to the court,
the case was arraigned in June 2007, and set for trial multiple times. The court further noted that
counsel previously filed three motions for continuances and that it granted each one. (2) Thus, the court
concluded that counsel had "well over a year and a half" to prepare for trial and denied the motion
for continuance.

Standard of Review

 The decision to grant or deny a motion for continuance lies within the trial court's sound
discretion. See Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995) (granting or
denying continuance based on inadequate preparation time is within the sound discretion of the trial
court); Rosales v. State, 841 S.W.2d 368, 372-73 (Tex. Crim. App. 1992) (granting or denying
continuance based on the illness of counsel is within the sound discretion of the trial court), cert.
denied, 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993). A trial court abuses its discretion in
denying a motion for continuance when the defendant was actually prejudiced by counsel's
representation. See Heiselbetz, 906 S.W.2d at 512; Duhamel v. State, 717 S.W.2d 80, 83 (Tex. Crim.
App. 1986), cert. denied, 480 U.S. 926, 107 S.Ct. 1387, 94 L.Ed.2d 701 (1987) (cases stating that
to be entitled to a continuance, there must be a showing that defendant was prejudiced by counsel's
inadequate preparation time). However, no prejudice is shown when the defendant is ably
represented throughout trial by counsel. See Miller v. State, 537 S.W.2d 725, 726 (Tex. Crim. App.
1976), cert. denied, 429 U.S. 1099, 97 S.Ct. 1120, 51 L.Ed.2d 547 (1977) (holding no abuse of
discretion on denying motion for continuance based on counsel's illness where appellant was ably
represented by substitute counsel throughout his trial).

Preservation of Error

 As error preservation is a systematic requirement that we may review on our motion, we
initially address whether Appellant preserved his complaint for our review. Martinez v. State, 22
S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); Hughes v. State, 878 S.W.2d 142, 151 (Tex. Crim.
App. 1993), cert. denied, 511 U.S. 1152, 114 S.Ct. 2184, 128 L.Ed.2d 902 (1994). The Code of
Criminal Procedure provides that a case may be continued only on "written motion" by the State or
the defendant with sufficient cause shown. Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 2006). 
Therefore, where a motion for continuance is made orally, the trial court's ruling denying the same
preserves nothing for our review. Anderson v. State, 301 S.W.3d 276, 278-81 (Tex. Crim. App.
2009); Dewberry v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131,
120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

 Here, although Appellant complains that the trial court denied his motion for continuance,
which was written, sworn to, and filed on February 4, 2009, the trial court actually granted that
continuance, moving the scheduled trial set for Friday, February 6, 2009, to Monday, February 9,
2009. His motion for continuance on Monday, February 9, 2009, although making reference to his
previously filed motion for continuance, was, therefore, a new motion for continuance. And because
that motion was not written but oral, we hold that Appellant has not preserved the trial court's ruling,
denying that continuance, for our review. See Anderson, 301 S.W.3d at 278-81; Robinson v. State,
310 S.W.3d 574, 579 (Tex. App. - Fort Worth 2010, no pet.); Dixon v. State, 64 S.W.3d 469, 473
(Tex. App. - Amarillo 2001, pet. ref'd) (cases holding oral motions for continuance preserve nothing
for appellate review).

No Abuse of Discretion Shown

 Even if we were to conclude that Appellant's issue is preserved for our review, we find that
the trial court did not abuse its discretion by denying the motion for continuance. As discussed
below, nothing in the record reflects that counsel was ill prepared or not representing his client to
the best of his ability. Without a showing of prejudice, no abuse of discretion occurred.

 Indeed, after the trial court denied Appellant's motion for continuance, counsel engaged in
a lengthy voir dire, questioning the prospective jurors on fairness, the burden of proof, bias, and the
right not to testify, and he strategically exercised his peremptory strikes. Counsel then presented an
opening statement, suggesting that the complainant's "tough life" has affected "what is going on
today," and that after hearing the complainant and her mother testify, the jury will undoubtedly
conclude that Appellant is not guilty of the charged crimes. During the complainant's cross-examination, counsel noted that she could not remember when any of the alleged sexual events
happened, positing that the incidents never happened, and suggested that she only accused Appellant
after being beaten and coerced by her mother. Similarly, during Garcia's cross-examination, counsel
elicited that the complainant was involved in sexual incidents with other girls, thus attempting to cast
doubt as to whether Appellant was responsible for the abnormal sexual behavior that she exhibited.

 Once the State rested, counsel moved for a directed verdict, and the trial court granted
directed verdicts on Counts III and V. Counsel then presented three defense witnesses. The first
witness focused on a contagious fungal infection found on Appellant's penis that the complainant
had not contracted, which counsel used to suggest that Appellant never engaged in any penile-vaginal contact with the complainant. Counsel used the second witness to suggest that the
allegations were simply the machinations of a jealous ex-girlfriend by eliciting that a fight occurred
between Appellant's new girlfriend and Garcia over the latter's jealousy of being with Appellant. 
And counsel's third witness, which counsel utilized to show that Appellant could not have
committed the charged offenses, testified that Appellant was not living with Garcia when the alleged
sexual offenses occurred.

 During closing arguments, counsel suggested that the complainant only implicated Appellant
because Garcia "seeded" Appellant's name in her mind and coerced her by striking her with a belt. 
He furthered noted that the complainant's testimony was "stiff," unresponsive, and lacked any
details. Finally, counsel pointed out that Garcia harbors ill feelings toward Appellant and called her
a liar, noting that she previously lied about Appellant's paternity concerning her youngest daughter. 
The jury certainly found some merit to counsel's defenses as they acquitted Appellant of two counts. During punishment, counsel presented five witnesses that painted Appellant as a good son,
brother, and father, and one that is capable of being supervised without problems. Counsel then
pleaded for probation, noting that Appellant has never been convicted or in trouble, that Appellant
has proven that he can be supervised, that Appellant is a good man and father, and that Appellant
does not "shirk" responsibility. The jury accepted counsel's recommendation.

 In short, we cannot conclude that Appellant was prejudiced by the trial court's failure to grant
his continuance. The record reflects that counsel had approximately twenty months to prepare for
trial. During the trial, counsel actively participated in the case, lodged objections, presented
argument, cross-examined the State's witnesses, and proffered defense witnesses. Counsel provided
defensive theories, discredited the complainant's testimony, and obtained directed verdicts on two
counts and jury acquittals on two more. He further successfully argued for and received a probated
sentence for Appellant. Nothing in the record reflects that counsel was surprised by any of the
testimony or evidence presented, or suggests that he was unaware of the facts of the case. Appellant
has not posited other defensive theories that counsel could have proposed, suggested additional
witnesses that counsel should have called, or complained of other evidence that counsel should have
presented. Nor does Appellant complain of any objections not made, questions not posed, or
arguments not asserted. After reviewing the entire record, we cannot conclude that there is any
showing of prejudice based on the trial court's failure to grant Appellant's motion for continuance. 
See, e.g., Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (finding no abuse of
discretion in denying motion for continuance when appellant failed to allege any specific prejudices
such as unfair surprise, an inability to effectively cross-examine the State's witnesses, or that crucial
testimony would have been given by potential witnesses), cert. denied, 522 U.S. 825, 118 S.Ct. 86,
139 L.Ed.2d 43 (1997); Wilson v. State, 195 S.W.3d 193, 198 (Tex. App. - San Antonio 2006, no
pet.) (finding no prejudice in denying motion for continuance on allegations that counsel was ill
prepared when record showed counsel was knowledgeable about the facts of the case and the
witnesses' testimonies, conducted extensive, fact specific cross-examinations, and presented
defensive witnesses); Gooden v. State, No. 05-96-00786-CR, 1998 WL 400917, at *5 (Tex. App.
- Dallas July 20, 1998, no pet.) (op., not designated for publication) (finding no prejudice in denying
motion for continuance on allegations of counsel's illness when substituted counsel ably represented
counsel throughout trial, lodging objections, presenting final argument, and conferring with
witnesses). Accordingly, we hold that the trial court did not abuse its discretion by failing to grant
the motion for continuance and overrule Appellant's sole issue.

CONCLUSION

 Having overruled Appellant's sole issue, we affirm the trial court's judgment.


 GUADALUPE RIVERA, Justice

December 8, 2010


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)

1. Although not the biological father of the complainant, Appellant and Garcia were involved in a common-law marriage relationship.
2. The first motion for continuance alleged counsel just finished a murder trial and needed more time to
prepare, the second noted that a family member was in a car accident and passed away, and that his wife had a
miscarriage, and the third contended that counsel was set for trial in another court.