**Opinion issued April 11, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00497-CR

———————————

**PERCY VERNON RANCIFER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1306884**

---

## MEMORANDUM OPINION

A jury convicted appellant Percy Rancifer of delivery of crack cocaine in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112(a), (b) (West 2010). Rancifer pleaded true to two

enhancement paragraphs alleging that he twice previously had been convicted of felony offenses. The trial court then sentenced Rancifer to five years in prison. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2010). On appeal, Rancifer contends that the evidence was legally insufficient to support the jury's verdict, and he argues that the trial court erred by instructing the jury on the law of parties. We conclude that the evidence was legally sufficient to sustain the trial court's conviction, and that the trial court did not err when it instructed the jury on the law of parties. Accordingly, we affirm.

## Background

While operating undercover, Houston Police Department Officer A. Johns approached Kendrick Brock outside a convenience store and asked him about buying some crack cocaine. Brock agreed to sell crack cocaine to Johns for $20. The undercover officer gave Brock a $20 bill from which he had memorized the last five digits of the serial number for identification purposes. Brock then used the convenience store clerk's telephone to arrange the sale. Johns testified that he overheard Brock on the phone saying, "I need some."

Approximately 15 to 20 minutes after Brock's phone call, a grey Chevrolet Impala pulled into the convenience store parking lot. Brock recognized the car when it arrived, saying, "there it is" or "that's it," before walking up to the passenger side. From about 15 feet away, Johns watched Brock exchange

2

something with a man sitting in the front passenger seat for a white rock of crack cocaine.

After the exchange, the car left and Brock walked behind the store, inviting Johns to follow him to smoke the crack cocaine he had purchased. When Johns received the crack cocaine, he signaled to uniformed officers nearby to have Brock arrested for delivery of a controlled substance. Later testing revealed that the substance was crack cocaine in an amount less than one gram.

Shortly after Brock was arrested, uniformed officers involved in the undercover operation stopped the grey Chevrolet Impala. Appellant Percy Rancifer was riding in the front passenger seat. The arresting officer searched Rancifer and discovered a $20 bill in his pocket. Johns confirmed that the serial number matched the $20 bill that he had given to Brock. Rancifer was arrested and charged with delivery of a controlled substance.

Rancifer did not testify at trial. Brock testified, and he admitted he had gone to school with Rancifer, had known him for 10 to 12 years, knew Rancifer's phone number, and could reach him if needed. He also testified he sold drugs at the convenience store that day and that he pleaded guilty to selling crack cocaine to Johns. However, he denied that Rancifer provided the crack cocaine that he gave to Johns. Instead, Brock claimed that he had the crack cocaine in his pocket the

entire time, but he did not immediately give it to Johns because he wanted to use Johns's money to buy marijuana from a drug dealer other than Rancifer.

The jury was instructed on the law of parties. Rancifer was convicted as a party to the delivery of crack cocaine. *See* Tex. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112(a), (b).

## Analysis

### I.    Sufficiency of the evidence

In his first issue, Rancifer argues that the evidence is insufficient to support the jury's verdict that he was a party to the charged offense. In reviewing the legal sufficiency of the evidence to support a criminal conviction, a court of appeals will determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). As the exclusive judge of the facts, the jury may believe or disbelieve all or any part of a witness's testimony. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). We presume that the fact finder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). On appeal we may not re-evaluate the weight and credibility of the record evidence and thereby substitute our own judgment for that

4

of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). In reviewing the evidence, circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Under the law of parties, a defendant may be responsible for acts in which he is not the principal actor. *See* TEX. PENAL CODE §§ 7.01(a), 7.02(a) (West 2011). To prove the defendant's guilt as a party to the delivery of a controlled substance, the State must show that the transferor committed the offense and that the defendant encouraged, directed, or aided in the commission of the offense. *See id.* § 7.02(a)(2). In determining whether one has acted as a party in the commission of a criminal offense, "the court may look to events before, during and after the commission of the offense." *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). "Participation in an enterprise may be inferred from the circumstances and need not be shown by direct evidence." *Id.* The mere presence of the defendant at the scene is not sufficient to support a conviction; however, it may suffice to show defendant was a participant when combined with other facts. *See id.* at 685.

Rancifer argues that the evidence in the record is not sufficient to prove that he and Brock were acting together towards the execution of a common purpose to

deliver crack cocaine to Officer Johns. Because Brock admitted to delivering crack cocaine, Rancifer was only charged as a party to the drug delivery. Rancifer claims there is no evidence in the record to show that he was aware of Johns or that he had made any agreement to deliver crack cocaine to him. He also argues that he was not even present at the scene when the actual delivery occurred, and thus he could not have been aware of Brock's intent to give the cocaine to Johns.

Rancifer's argument that there was no evidence of his awareness of or involvement in the drug deal lacks merit. The evidence showed that Rancifer and Brock had known each other for approximately a decade; that Rancifer was present at the convenience store on the night of the offense and spoke with Brock; that Brock was observed exchanging something with the passenger of the grey Chevrolet Impala; that Brock shortly thereafter delivered crack cocaine to Johns; that Rancifer was the occupant of the front passenger seat of the Impala; and that Rancifer was later found to be in possession of the $20 bill given to Brock to purchase the crack cocaine. Such direct and circumstantial evidence supports the inference that Rancifer aided Brock in delivering the crack cocaine to Johns in exchange for money, and it is sufficient to support the trial court's conviction.

For example in *Miller v. State*, 537 S.W.2d 725, 726 (Tex. Crim. App. 1976), the defendant was charged with delivering a controlled substance to an undercover officer who had direct contact only with the intermediary. While

waiting in a car, the undercover officer in *Miller* watched the defendant handing a small package to the intermediary, who delivered the package containing LSD to the officer. *Id.* After being instructed on the law of parties, the jury found the defendant guilty of delivering LSD. *Id.* The Court of Criminal Appeals upheld the conviction, despite the lack of direct evidence that the defendant knew that the intermediary was delivering LSD to the officer. *Id.* The evidence that the officer had seen the drug transaction from afar was sufficient, and there was no requirement that the defendant be present during the ultimate delivery of the drugs to the officer. *See id.*

Similarly in *Rogers v. State*, 815 S.W.2d 789, 790 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd), an undercover officer arranged to obtain drugs through an intermediary for $20, and the officer gave the intermediary a marked $20 bill. The intermediary went to a nearby residence where the undercover officer was able to view the exchange between the defendant and the intermediary. *Id.* at 790–91. The intermediary, after exchanging the $20 bill for a small plastic baggie, delivered the baggie to the undercover officer. *Id.* at 791. The evidence was sufficient that the defendant acted with knowledge that the transaction would extend beyond the defendant to the undercover officer. *Id.* at 791–92. In affirming the conviction, the court of appeals reasoned that (1) the defendant was in a position to see the undercover officer when he delivered the controlled substance

7

to the intermediary; (2) the contact between the officer and the intermediary was initiated in close proximity to where the intermediary received the crack cocaine from the defendant, indicative of a relationship in which the intermediary solicits business for the seller; and (3) the intermediary received $20 from the officer, exchanged it for the packet of cocaine, and delivered the cocaine intact to him. *Id.* at 792. Although the defendant appeared to receive nothing from the officer for his work, the court noted that, "if [the intermediary] was not working for a benefit from the officer, he was working for a benefit from [the defendant], the seller, for his services as procurer." *Id.* The court concluded that the jury could reasonably infer that the defendant knew at the time of the transaction that the intermediary was purchasing for someone else, and therefore the defendant intended to assist in the delivery of the cocaine. *Id.*

Here, the circumstances support the jury's finding that Rancifer acted with knowledge that he was a party to the actual transfer of crack cocaine from Brock to Johns. Like the undercover officers in *Miller* and *Rogers*, Officer Johns was in a position to observe the transaction occurring nearby — just 15 feet away from the car. *See Rogers*, 815 S.W.2d. at 790–91; *Miller*, 537 S.W.2d at 726. Similarly as in *Rogers*, Rancifer was in a position to see Johns in the course of the transaction with Brock. *See Rogers*, 815 S.W.2d. at 792.

Rancifer also argues that the evidence is insufficient because he was not present at the scene when the actual delivery occurred. Under similar facts, however, the evidence was held sufficient to support the convictions in *Rogers* and *Miller*, regardless of where the defendants were at the time of the intermediary's delivery to the undercover officer. *See Rogers*, 815 S.W.2d. at 792; *Miller*, 537 S.W.2d at 726. Furthermore, a reasonable jury could have concluded from the circumstances that a drug-dealing relationship existed in which Rancifer would supply drugs to Brock, who he knew would resell them. *See Rogers*, 815 S.W.2d at 792.

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Rancifer acted with knowledge that he was a party to the actual transfer of crack cocaine from Brock to Johns. We overrule Rancifer's first issue.

## II. Jury charge

In his second issue, Rancifer argues that the trial court erred when it denied his proposed jury charge and instead charged the jury with the law of parties. Rancifer contends that the evidence presented at trial was insufficient to support an instruction about the law of parties because there was no evidence that he promoted or assisted in the commission of delivering crack cocaine to Johns.

"In general, an instruction on the law of parties may be given to the jury whenever there is sufficient evidence to support a jury verdict that the defendant is criminally responsible under the law of parties." *Ladd v. State*, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999). The law-of-parties instruction must be submitted to the jury when the issue is raised that a defendant's conduct suggests he may not have acted as a principal to the crime. *See Goff v. State*, 931 S.W.2d 537, 544–45 (Tex. Crim. App. 1996) (quoting *McCuin v. State*, 505 S.W.2d 827, 830 (Tex. Crim. App. 1974)).

Rancifer contends that there is insufficient evidence to prove that he and Brock were acting together toward the execution of a common purpose and that it was therefore inappropriate to submit an instruction to the jury on the law of parties. We disagree. Once the State presented evidence at trial to raise the issue as to whether Rancifer was only a party to the crime, rather than the principal, the trial court could have included the law-of-parties instruction. *See, e.g.*, *Lewis v. State*, 193 S.W.3d 137, 142–43 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The jury heard sufficient evidence that Rancifer was a party to Brock's delivery of cocaine to Johns. He was present at the convenience store on the night of the offense and spoke with Brock, who shortly thereafter delivered crack cocaine to Johns. Rancifer was later found to be in possession of the $20 bill Johns had given to Brock to purchase the crack cocaine.

Because we find the evidence to be legally sufficient to sustain Rancifer's conviction on the basis that he acted as a party to Brock's actual delivery of crack cocaine to Johns, the trial court did not err when it charged the jury on the law of parties. We overrule Rancifer's second issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

11