COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

ANGEL ORQUIZ,                        §

            Appellant,         §
                                   No. 08-09-00097-CR

v.                                  §
                                   Appeal from the

THE STATE OF TEXAS,                  §
                                   384th District Court

            Appellee.          §
                                   of El Paso County, Texas

                                   (TC# 20070D02341)
                                        §

**O P I N I O N**

Following his conviction for two counts of aggravated sexual assault of a child, Angel Orquiz, Appellant, was placed on community supervision for ten years. In a single issue on appeal, he contends that the trial court abused its discretion by denying his motion for continuance. We affirm.

**BACKGROUND**

As Appellant has not challenged the sufficiency of the evidence, only a brief recitation of facts is necessary for our analysis. On one particular night, Gisela Garcia noticed that her youngest daughter was touching herself. When asked where she learned that behavior, the daughter replied that the complainant, her older sister, had taught her. Garcia then learned from the complainant that she had been involved in sexual incidents with her "step-dad," Appellant.[1] According to the complainant, Appellant would touch her breast and vagina with his hands, lick her vagina, put his finger in her vagina, and penetrate her anus with his penis. The complainant also alleged that

---

[1] Although not the biological father of the complainant, Appellant and Garcia were involved in a common-law marriage relationship.

Appellant forced her to lick his penis and place it in her mouth.

Appellant was later indicted for six counts of aggravated sexual assault of a child. Count I alleged that Appellant penetrated the mouth of the complainant with his sexual organ, Count II alleged that Appellant digitally penetrated the complainant's sexual organ, Counts III and V alleged that Appellant penetrated the complainant's sexual organ with his sexual organ, Count IV alleged that Appellant caused the complainant's sexual organ to contact his mouth, and Count VI alleged that Appellant penetrated the complainant's anus with his sexual organ. The trial court granted Appellant's motion for directed verdict as to Counts III and V, and the jury acquitted Appellant of Counts IV and VI.

**DISCUSSION**

Appellant's sole issue on appeal contends that the trial court abused its discretion by denying his motion for continuance on account of counsel's mother having suffered a stroke days before the trial was set to begin. According to Appellant, counsel was not "at his best" as "the immediacy and the seriousness of the attorney's mother's condition were too great a misfortune to put aside and soldier forward."

*Applicable Facts*

On Wednesday, February 4, 2009, which was two days before the scheduled trial, Appellant filed a written motion for continuance. The basis for the motion was that counsel's mother suffered a stroke and was in the hospital pending evaluation and possible heart surgery. In chambers, counsel represented to the trial court that his mother may have surgery on Friday, but that he could be ready for trial on Monday, February 9, 2009. Although the trial court initially denied the motion, it later reconsidered and orally granted a continuance from Friday, February 6, 2009, to Monday, February 9, 2009.

Prior to jury selection on February 9, 2009, counsel orally re-urged his motion for continuance, alleging he was not prepared for trial given the circumstances. Counsel did not file another written motion for continuance but simply relied on the motion for continuance that he filed on February 4, 2009. Appellant testified in support of the continuance, stating that he was concerned about counsel's ability to provide effective assistance when going through such a traumatic situation. The trial court, by written order dated February 9, 2009, denied the motion. According to the court, the case was arraigned in June 2007, and set for trial multiple times. The court further noted that counsel previously filed three motions for continuances and that it granted each one.[2] Thus, the court concluded that counsel had "well over a year and a half" to prepare for trial and denied the motion for continuance.

*Standard of Review*

The decision to grant or deny a motion for continuance lies within the trial court's sound discretion. *See Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995) (granting or denying continuance based on inadequate preparation time is within the sound discretion of the trial court); *Rosales v. State*, 841 S.W.2d 368, 372-73 (Tex. Crim. App. 1992) (granting or denying continuance based on the illness of counsel is within the sound discretion of the trial court), *cert. denied*, 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993). A trial court abuses its discretion in denying a motion for continuance when the defendant was actually prejudiced by counsel's representation. *See Heiselbetz*, 906 S.W.2d at 512; *Duhamel v. State*, 717 S.W.2d 80, 83 (Tex. Crim. App. 1986), *cert. denied*, 480 U.S. 926, 107 S.Ct. 1387, 94 L.Ed.2d 701 (1987) (cases stating that to be entitled to a continuance, there must be a showing that defendant was prejudiced by counsel's

---

[2] The first motion for continuance alleged counsel just finished a murder trial and needed more time to prepare, the second noted that a family member was in a car accident and passed away, and that his wife had a miscarriage, and the third contended that counsel was set for trial in another court.

inadequate preparation time). However, no prejudice is shown when the defendant is ably represented throughout trial by counsel. *See Miller v. State*, 537 S.W.2d 725, 726 (Tex. Crim. App. 1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1120, 51 L.Ed.2d 547 (1977) (holding no abuse of discretion on denying motion for continuance based on counsel's illness where appellant was ably represented by substitute counsel throughout his trial).

*Preservation of Error*

As error preservation is a systematic requirement that we may review on our motion, we initially address whether Appellant preserved his complaint for our review. *Martinez v. State*, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); *Hughes v. State*, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993), *cert. denied*, 511 U.S. 1152, 114 S.Ct. 2184, 128 L.Ed.2d 902 (1994). The Code of Criminal Procedure provides that a case may be continued only on "written motion" by the State or the defendant with sufficient cause shown. TEX. CODE CRIM. PROC. ANN. art. 29.03 (Vernon 2006). Therefore, where a motion for continuance is made orally, the trial court's ruling denying the same preserves nothing for our review. *Anderson v. State*, 301 S.W.3d 276, 278-81 (Tex. Crim. App. 2009); *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

Here, although Appellant complains that the trial court denied his motion for continuance, which was written, sworn to, and filed on February 4, 2009, the trial court actually granted that continuance, moving the scheduled trial set for Friday, February 6, 2009, to Monday, February 9, 2009. His motion for continuance on Monday, February 9, 2009, although making reference to his previously filed motion for continuance, was, therefore, a new motion for continuance. And because that motion was not written but oral, we hold that Appellant has not preserved the trial court's ruling, denying that continuance, for our review. *See Anderson*, 301 S.W.3d at 278-81; *Robinson v. State*,

310 S.W.3d 574, 579 (Tex. App. – Fort Worth 2010, no pet.); *Dixon v. State*, 64 S.W.3d 469, 473 (Tex. App. – Amarillo 2001, pet. ref'd) (cases holding oral motions for continuance preserve nothing for appellate review).

*No Abuse of Discretion Shown*

Even if we were to conclude that Appellant's issue is preserved for our review, we find that the trial court did not abuse its discretion by denying the motion for continuance. As discussed below, nothing in the record reflects that counsel was ill prepared or not representing his client to the best of his ability. Without a showing of prejudice, no abuse of discretion occurred.

Indeed, after the trial court denied Appellant's motion for continuance, counsel engaged in a lengthy voir dire, questioning the prospective jurors on fairness, the burden of proof, bias, and the right not to testify, and he strategically exercised his peremptory strikes. Counsel then presented an opening statement, suggesting that the complainant's "tough life" has affected "what is going on today," and that after hearing the complainant and her mother testify, the jury will undoubtedly conclude that Appellant is not guilty of the charged crimes. During the complainant's cross-examination, counsel noted that she could not remember when any of the alleged sexual events happened, positing that the incidents never happened, and suggested that she only accused Appellant after being beaten and coerced by her mother. Similarly, during Garcia's cross-examination, counsel elicited that the complainant was involved in sexual incidents with other girls, thus attempting to cast doubt as to whether Appellant was responsible for the abnormal sexual behavior that she exhibited.

Once the State rested, counsel moved for a directed verdict, and the trial court granted directed verdicts on Counts III and V. Counsel then presented three defense witnesses. The first witness focused on a contagious fungal infection found on Appellant's penis that the complainant had not contracted, which counsel used to suggest that Appellant never engaged in any penile-

vaginal contact with the complainant. Counsel used the second witness to suggest that the allegations were simply the machinations of a jealous ex-girlfriend by eliciting that a fight occurred between Appellant's new girlfriend and Garcia over the latter's jealousy of being with Appellant. And counsel's third witness, which counsel utilized to show that Appellant could not have committed the charged offenses, testified that Appellant was not living with Garcia when the alleged sexual offenses occurred.

During closing arguments, counsel suggested that the complainant only implicated Appellant because Garcia "seeded" Appellant's name in her mind and coerced her by striking her with a belt. He furthered noted that the complainant's testimony was "stiff," unresponsive, and lacked any details. Finally, counsel pointed out that Garcia harbors ill feelings toward Appellant and called her a liar, noting that she previously lied about Appellant's paternity concerning her youngest daughter. The jury certainly found some merit to counsel's defenses as they acquitted Appellant of two counts.

During punishment, counsel presented five witnesses that painted Appellant as a good son, brother, and father, and one that is capable of being supervised without problems. Counsel then pleaded for probation, noting that Appellant has never been convicted or in trouble, that Appellant has proven that he can be supervised, that Appellant is a good man and father, and that Appellant does not "shirk" responsibility. The jury accepted counsel's recommendation.

In short, we cannot conclude that Appellant was prejudiced by the trial court's failure to grant his continuance. The record reflects that counsel had approximately twenty months to prepare for trial. During the trial, counsel actively participated in the case, lodged objections, presented argument, cross-examined the State's witnesses, and proffered defense witnesses. Counsel provided defensive theories, discredited the complainant's testimony, and obtained directed verdicts on two counts and jury acquittals on two more. He further successfully argued for and received a probated

sentence for Appellant. Nothing in the record reflects that counsel was surprised by any of the testimony or evidence presented, or suggests that he was unaware of the facts of the case. Appellant has not posited other defensive theories that counsel could have proposed, suggested additional witnesses that counsel should have called, or complained of other evidence that counsel should have presented. Nor does Appellant complain of any objections not made, questions not posed, or arguments not asserted. After reviewing the entire record, we cannot conclude that there is any showing of prejudice based on the trial court's failure to grant Appellant's motion for continuance. *See, e.g., Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (finding no abuse of discretion in denying motion for continuance when appellant failed to allege any specific prejudices such as unfair surprise, an inability to effectively cross-examine the State's witnesses, or that crucial testimony would have been given by potential witnesses), *cert. denied*, 522 U.S. 825, 118 S.Ct. 86, 139 L.Ed.2d 43 (1997); *Wilson v. State*, 195 S.W.3d 193, 198 (Tex. App. – San Antonio 2006, no pet.) (finding no prejudice in denying motion for continuance on allegations that counsel was ill prepared when record showed counsel was knowledgeable about the facts of the case and the witnesses' testimonies, conducted extensive, fact specific cross-examinations, and presented defensive witnesses); *Gooden v. State*, No. 05-96-00786-CR, 1998 WL 400917, at *5 (Tex. App. – Dallas July 20, 1998, no pet.) (op., not designated for publication) (finding no prejudice in denying motion for continuance on allegations of counsel's illness when substituted counsel ably represented counsel throughout trial, lodging objections, presenting final argument, and conferring with witnesses). Accordingly, we hold that the trial court did not abuse its discretion by failing to grant the motion for continuance and overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

                                          GUADALUPE RIVERA, Justice

December 8, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)